FILED

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### 333 CONSTITUTION AVENUE, NW
### WASHINGTON, DC 20001

MICHAEL L. BUESGENS
3112 WINDSOR RD, #322
AUSTIN, TEXAS 78703
512-339-6005 X 7958

**JURY ACTION**

Case: 1:07-cv-01585
Assigned To : Walton, Reggie B.
Assign. Date : 9/6/2007
Description: Civil Rights-Non-Employ.

## VS.

MARY-ELLEN KRCHA
8327 2ND AVENUE
VIENNA, VIRGINIA
22182-5761
PHONE: 703-560-4599
INDIVIDUAL CAPACITY

# COMPLAINT
## FACTS OF THE CASE

1. MICHAEL L BUESGENS IS A FORMER IRS EMPLOYEE WHO FILED A FEDERAL TORT CLAIMS ACT-FORM SF95- SUM CERTAIN CLAIM

2. MARY-ELLEN KRCHA IS THE IRS TORT CLAIMS MANAGER IN WASHINGTON, D.C.

AT

A. DEPARTMENT OF THE TREASURY TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION

TIGTA

B. INTERNAL REVENUE SERVICE

IRS

C. GENERAL LEGAL SERVICES

GLS

D.
E. IRS OFFICE OF CHIEF COUNSEL (CC:GLS:CLP) 950 L'ENFANT PLAZA, 2ND FLOOR WASHINGTON, DC 20024

PHONE: 202-283-7908

3. MARY-ELLEN KRCHA IS A IRS OFFICIAL WHO MAKES LEGAL DECISIONS AND PROVIDES INCOMPLETE-UNSOLICITED LEGAL ADVICE TO PRO SE TORT CLAIMANTS

2

4. MARY-ELLAN KRCITA **WAS ACTING OUTSIDE THE SCOPE OF HER OFFICIAL DUTIES** WITH MICHAEL L. BUESGENS FEDERAL TORT CLAIM

5. MARY-ELLAN KRCITA **DENIED** RECEIVING MICHAELL BUESGENS FEDERAL TORT CLAIM

A. FORM **SF95**

B. SUM CERTAIN

C. ATTACHMENTS- EXHIBITS AND THAT WEIGHTED **3 LBS 4 OZ**

D. WAS SENT BY CERTIFIED MAIL AND RETURN RECEIPT REQUESTED

E. AUGUST **ON** 19, 2005

F. **RECEIVED** AND AT THE DEPARTMENT OF THE TREASURY

G. AUGUST 22 **ON** 2005 AT 8:01 AM **ADDRESSED TO** THE DEPUTY GENERAL COUNSEL **AT** DEPARTMENT OF TREASURY

3

6. MARY-ELLAN KRCITA **TOLD** MICHAEL L. BUESGENS - PRO SE TO SUBMIT ANOTHER CLAIM FOR FTCA DAMAGES

7. **SEE** MARY ELLAN KRCITA LETTER DATED: OCTOBER 31, 2005

8. MICHAEL L BUESGENS ALSO SPOKE TO MARY-ELLAN KRCITA **BY** TELEPHONE

A. MISS KRCITA WAS TAPE RECORDING THE CONSERVATION ON HER END. **AND**

B. MICHAEL L BUESGENS WAS TAPE RECORDING THE CONVERSATION ON HIS END.

9. MICHAEL L. BUESGENS TOLD MARY-ELLAN KRCITA THAT HE **WOULD NOT** SUBMIT ANOTHER FTCA CLAIM **AND**

10. HE **DID NOT** SUBMIT A SECOND ONE

4

11. ON JANUARY 9, 2006 MARY-ELLAN KRCHA SENT MICHAEL L. BUESGENS ANOTHER LETTER STATING THAT SHE FINALLY RECEIVED THE TORT CLAIM THAT WAS RECEIVED ON AUGUST 22, 2005 AT 8:01 AM

12. IN THIS JANUARY 9 2006 MARY-ELLAN KRCHA STATES THAT THE IRS 6 MONTHS FROM JANUARY 9 2006 TO COMPLETE THE DETERMINATION ON CLAIM FTCA-FORM SF95-SUM CERTAIN ATTACHMENTS AND EXHIBITS WEIGHING-3 LBS 4OZ

13. ON JANUARY 6, 2006 MARY-ELLAN KRCHA SENT MICHAEL L BUESGENS PRO SE A LETTER STATING THAT

A. SHE AND TIGTA-TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION

B. RODERICK FILLINGER-GENERAL COUNSEL

C. COULD NOT FIND-3 LB 4OZ CLAIM

5

14. IN OCTOBER AND NOVEMBER, **2005** MICHAEL L BUESGENS FILED A MAIL FRAUD - MAIL RIFLING - MAIL THEFT COMPLAINT AGAINST **MARY-ELLEN KRCHA** WITH

15. **DANIEL CORTEZ**
   A. INSPECTOR IN CHARGE
   B. UNITED STATES POSTAL INSPECTION SERVICE - FORT WORTH, TEXAS

16. **SEE** DANIEL CORTEZ LETTER DATED JANUARY 9, 2006

17. MR CORTEZ **DENIED** BUESGENS CLAIM

18. U.S. POSTAL INSPECTORS **AND** **TIGTA** ARE THE **SAME ANIMAL**

19. **SEE** DANIEL BUSTAMANTE LETTER DATED: **12/12/2005** AND BUESGENS MAIL THEFT, ET.AL. COMPLAINT.

6

20. BY REFERENCE SEE THE RELATED CIVIL ACTION NO. 4:06CV01399 AT U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

A. DONNA I. ARRENSDORF FORMER IRS EMPLOYEE

B. DEPARTMENT OF THE TREASURY

C. FEDERAL TORT CLAIMS ACT

D. JUDGE DAVID HITTNER AND

21. MICHAEL L. BUESGENS MOTION TO INTERVENE THAT COMPLAINS ABOUT MARY-ELLEN KRCHA FRAUD AND DECEIT AND MISCONDUCT.

A.

B. WITH DOCUMENTARY EVIDENCE TO SUPPORT THIS CLAIM OF

C. GENUINE MATERIAL FACTS OF WRONGDOING OUTSIDE THE SCOPE OF MARY-ELLEN KRCHA OFFICIAL DUTIES.

7

# CIVIL ACTION INDICTMENT
## AGAINST
# MARY-ELLEN KRCHA
## BY
PRO SE - PRIVATE ATTORNEY
GENERAL
MICHAEL L BUESGENS

# COUNTS

22  MARY-ELLEN KRCHA WAS ACTING
OUTSIDE THE SCOPE OF HER
OFFICIAL DUTIES

23  MARY-ELLEN KRCHA WRONGDOING
**IS NOT** A DISCRETIONARY ACT
WITHIN THE SCOPE OF HER
OFFICIAL DUTIES AS **IRS**
TORT CLAIMS MANAGER

24.  MARY-ELLEN KRCHA **WAS** ACTING
IN **EXCESS** OF HER AUTHORITY

25.  MARY-ELLEN KRCHA **MISCONDUCT IS
IN VIOLATION** OF CLEARLY ESTABLISHED
STATUTES AND CONSTITUTIONAL RIGHTS

8

26. MARY-ELLEN KRCHA **LIED TO** MICHAEL L BUESGENS

27. MARY-ELLEN KRCHA **WILLFULLY AND FRAUDULENTLY MADE** FALSE STATEMENTS

28. MARY-ELLEN KRCHA WILLFULLY **CONCEALED** EVIDENCE OF WRONGDOING

29. **MARY-ELLEN KRCHA** VOLUNTARILY AND KNOWINGLY PARTICIPATED IN THE FOREGOING WRONGDOING WITH MALICE AND INTENT TO DECEIVE MICHAEL L BUESGENS PRO SE

30. MARY-ELLEN **FAILED** A DUTY TO DISCLOSE **CAUSING** MICHAEL L. BUESGENS **SEVERE HARM** AND **INJURIES**

31. **FRAUDULENT** CONCEALMENT OF A CAUSE OF ACTION — THE UNDERLYING **FTCA—TORT CLAIM** $2,376,464.00

9

32. MARY-ELLEN KRCHA WAS WELL AWARE OF MICHAEL L. BUESGENS PENDING CIVIL ACTIONS

33. CIVIL NO. 1:05CV00243SS
   A. JUDGE SAM SPARKS.
   B. AUSA - R. BARRY ROBINSON

   C. MICHAEL L. BUESGENS FORMER IRS EMPLOYEE

   VS

   D. JOHN W. SNOW SECRETARY DEPARTMENT OF THE TREASURY

34. CIVIL NO. 1:05CV02334RCL
   A. JUDGE ROYCE C. LAMBERTH
   B. AUSA - KAREN MELNIK
   C. MICHAEL LYNN SALYARDS - IRS - GLS LEGAL COUNSEL

   D. MICHAEL L. BUESGENS

   VS.

   E. a MARCIA H. COATES - DIRECTOR "IN HOUSE" EEO AT THE DEPARTMENT OF THE TREASURY, ET. AL.

10.

35. M.S.P.B NO. DA 1221-06-0171 WI
  A. MICHAEL LYNN SALYNROS-IRS-GLS LEGAL COUNSEL
  B.      MICHAEL L. BUESGENS
                    VS.
  C.   DEPARTMENT OF THE TREASURY

36. "IN HOUSE" EEO COMPLAINTS
  A. 2005 WITH MARCIA H. COATES
              AND
  B. MICHAEL LYNN SALYNROS-IRS-GLS LEGAL COUNSEL
  C. EEO NO. 05-2291 S
  D. EEO NO. 05-2291
  E. CONTINUING VIOLATIONS
              OF
37. EMPLOYMENT DISCRIMINATION
38  RETALIATION
39  REFUSAL AND FAILURE TO PROVIDE
    REASONABLE REASSIGNMENT
              PRODUCING
40.
  A. INVOLUNTARY DISABILITY RETIREMENT
  B. WRONGFUL TERMINATION AT IRS

11

41. MARY-ELLAN KRCHA HAS AWARENESS OF THE FOREGOING

42. MARY-ELLEN KRCHA MISCONDUCT AND WRONGDOING IS CRIMINAL
    A. FRAUD
    B. DECEIT
    C. MISREPRESENTATION
    D. CONCEALMENT

43. CRIMINAL STATUTES
    TITLE
    18 USC SEC. 641 — CHAPT 31
    RECORDS

44. TITLE
    18 USC-SEC. 1001—CHAPT 47
    FALSE - FICTITIOUS - FRAUDULENT STATEMENTS AND ENTRIES

45. TITLE
    26 USC-SEC. 7206 - IRS
    A. SUBTITLE F—CHAPTER 75
    B. SUBCHAPTER A - PART I
    C. FRAUD AND FALSE STATEMENTS

12

46. TITLE
A. 18 USC SECTION 1621
B. PERJURY

PLAINTIFF - PRO SE - PRIVATE
ATTORNEY GENERAL
MICHAEL L. BUESGENS
DESIGNATION
OF
RELATED CASES

47. ADVERSARY NO. 07-10008
A. U.S. BANKRUPTCY COURT
DISTRICT OF COLUMBIA
B. JUDGE S. MARTIN TEEL
C. AUSA - PAT S. GENIS

48. CIVIL NO. 1:07CV00859 RBW
APPEAL OF 07-10008
A. U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
B. JUDGE REGGIE B. WALTON
C. AUSA - PAT S. GENIS

13

49. CIVIL NO. 1:06 CV 01964 RBW
   A. U.S. DISTRICT COURT
      DISTRICT OF COLUMBIA
   B. JUDGE REGGIE B. WALTON

   C.          MICHAEL L. BUESGENS
                       VS
   D.       R. BARRY ROBINSON - AUSA
   E.        KAREN MELNIK - AUSA
   F.  MICHAEL LYNN SALINAS - IRS-GLS
   G.             ET. AL.

50. CIVIL NO. 1:04 CV 01056 ESH
   A. U.S. DISTRICT COURT
      DISTRICT OF COLUMBIA
   B. JUDGE  ELLEN SEGAL HUVELLE
   C. AUSA - OLIVER W. MC DANIEL
      ATTORNEYS
   D. KATOR, PARKS & WEISER
   E. MICHAEL KATOR
   F. IRVING KATOR

   G.        MICHAEL L. BUESGENS
                   INTERVENOR
                       V.
   H.  ALPHONSO JACKSON - HUD, ET. AL.
                   14

51.     CIVIC NO. 2:06CV00072PPS
        APPEAL NO. 07-2842
A.      U.S. DISTRICT COURT
        NORTHERN DISTRICT OF INDIANA
        (HAMMOND DIVISON)
B.      JUDGE PHILLIP SIMON
C.      **AUSA** - PAT S. GENIS

D.              MICHAEL L. BUESGENS
                    INTERVENOR

                **VS.**

E.      TREASURY INSPECTOR GENERAL
        FOR TAX ADMINISTRATION
                **TIGTA**
F.      **RODERICK FILLINGER** GENERAL
        COUNSEL
G.      FREEDOM OF INFORMATION ACT
                        **AND**
H.      **TIGTA** INVESTIGATIONS


                15

52: CIVIL NO. 4:06CV01399
A. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
B. JUDGE DAVID HITTNER
C. AUSA- ELIZABETH KARPATI

D.       MICHAEL L BUESGENS
              INTERVENOR

              VS.

E.       DEPARTMENT OF THE TREASURY
F.       FEDERAL TORT CLAIMS ACT
         FTCA- FORM SF95
G.       MARY-ELLEN KRECHA


53.  MICHAEL L BUESGENS FILED AN
A.   APPEAL OF CIVIL NO. ✓
              4:06CV01399
B.            TO
     U.S. COURT OF APPEALS-DISTRICT
     OF COLUMBIA- PRIORITY MAIL
C.   DELIVERY CONFIRMATION ON 7/8/07
D.   FEE PAID $455.00
              16

54. NANCY MAYER WHITTINGTON ✔
 A. NANCY DUNN
 B. LINDA JONES
 C. NEVER
  DOCKETED, OR ACKNOWLEDGED
   THE RECEIPT OF THIS APPEAL
 D. OF CIVIL NO. 4:06CV01399
 E. AND THE $455.00 CHECK

55. CIVIL NO. 1:07CV01541
 A. U.S. DISTRICT COURT
  EASTERN DISTRICT OF PENNSYLVANIA
  PHILADELPHIA, PA
 B. JUDGE BRUCE W. KAUFFMAN
 C. AUSA — SUSAN R. BECKER
 D. DANA M. PORTER
 E. FORMER IRS EMPLOYEE
  VS.
 F. DEPARTMENT OF THE TREASURY
 G. INTERNAL REVENUE SERVICE
 H. NATIONAL TREASURY EMPLOYEES
  UNION — NTEU
 I. MOTION TO INTERVENE — DENIED

17

56. BANKRUPTCY CASE NO. 06-20695
A. U.S. BANKRUPTCY COURT WESTERN DISTRICT OF PENNSYLVANIA
B. JUDGE M. BRUCE McCULLOUGH

C. BRADLEY O. KRUTH - VOLUNTARY
D. CHAPTER 7
E. NO FORM 23 FILED
DISMISSED

F. MICHAEL L. BUESGENS
G. MOTION TO INTERVENE
IS
RELATED TO

57. BANKRUPTCY CASE NO. 06-11164 FRM
A. U.S. BANKRUPTCY COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION
B. JUDGE FRANK R. MONROE
C. AUSA - R. BARRY ROBINSON ✓
D. BANKRUPTCY ATTORNEY CHARLES NETTLES
E. - DONALD RAY MULREY JR. - ET. AL
F. IRS SUPERVISOR - VOLUNTARY
G. CHAPTER 7 NO FORM 23

18

58.
A. CIVIL NO. 1:07CV01538WGY
   U.S. DISTRICT COURT
   DISTRICT OF MASSACHUSETTS
   BOSTON MA.
B. JUDGE WILLIAM G. YOUNG
C. JUDGE SAM SPARKS

D. MINIARD CULPEPPER — GENERAL
   COUNSEL AT HUD TORT CLAIMS
   CENTER — BOSTON, MA
E. HUD # 06-06-293-8
F. FEDERAL TORT CLAIMS ACT-FTCA
G. HUD — FAIR HOUSING EQUAL
   OPPORTUNITY
H. KIM KENDRICK — ASSISTANT
   SECRETARY

I.    MICHAEL L. BUESGENS

              VS

J.    MINIARD CULPEPPER
   HUD TORT CLAIMS MANAGER,
            ET. AL.

            19

# RELIEF REQUESTED

59    JAIL TIME FOR MARY-ELLEN KRCHA

60    COMPENSATORY DAMAGES
61    PUNITIVE DAMAGES

62    EQUITABLE RELIEF

63    LEGAL EXPENSES
64    ATTORNEY FEES

65    DAMAGES TO

A:    LEGAL RIGHTS AND REMEDIES
B:    PSYCHOLOGICAL INJURIES
C:    MARY-ELLEN KRCHA KNEW THAT MICHAEL L BUESGENS HAS THE MEDICAL DISABILITY BIPOLAR

D:    PHYSICAL INJURIES
E:    PAIN AND SUFFERING

20

66. **MARY-ELLAN KRCHA KNEW** THAT MICHAEL BUESGENS WAS RECEIVING U.S. OFFICE OF PERSONNEL MANAGEMENT
A. **OPM** DISABILITY
B. BEGAN MARCH 7, 2005

67. CONTINUING VIOLATIONS
68. FRONT PAY
69. BACK PAY

70. $2,346,464.00

71. INVESTIGATION INTO MARY-ELLAN KRCHA
A. FEDERAL TORT CLAIMS ACT
B. PROCESSING CLAIM

72. WHY ARE WE REQUIRED TO FILE AN ADMINISTRATIVE?

73. WHY DOES MARY-ELLAN KRCHA ACT OUTSIDE THE SCOPE OF HER OFFICIAL DUTIES?

21

74    PLAINTIFF — PRO SE — PRIVATE
ATTORNEY GENERAL
MICHAEL L BUESGENS
DEMANDS A JURY TRIAL



RESPECTFULLY SUBMITTED

*Michael Buesgens*
MICHAEL L BUESGENS
9/3/2007

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE
COPY OF THIS NEW ORIGINAL
COMPLAINT AGAINST MARY-ELLEN
KRCMA IN HER INDIVIDUAL
CAPACITY WAS SERVED BY
PRIORITY MAIL — DELIVERY
CONFIRMATION ON THIS 3RD
DAY OF SEPTEMBER, 2007

22

ADDRESSED TO

MICHAEL KATOR

1.
2.  IRVING KATOR
3.     KATOR, PARKS & WEISER
    A.  CIVIL NO. 1:04CV00056 ESH
    B.  MOTION TO INTERVENE
    1020  19TH  STREET  NW  #350
    WASHINGTON, DC  20001


4.  COLLEEN M. KELLEY - PRESIDENT
5.  BARBARA A. ATKIN - GENERAL
        COUNSEL
6.  DENNIS SCHNEIDER  ATTORNEY
7.  RUSSELL BO KELIMNU - CHIEF
    STEWARD - CHAPTER 247
8.  NATIONAL TREASURY EMPLOYEES
    UNION  - NTEU
    A.  EEOC NO. 360-2003-8286X
    B.  EEOC NO. 360-2006-00307
    C.  1:05CV00243SS
    D.  1:05CV02334RCL
    E.  1:06 CV 01558 RCL
    1750  H  STREET  NW
    WASHINGTON, DC  20006
                23

ORIGINAL COMPLAINT
AGAINST
MARY-ELLEN KRETTA

Michael L Buesgens

MICHAEL L BUESGENS

FORMER IRS EMPLOYEE

PRO SE

PRIVATE ATTORNEY GENERAL

3112 WINDSOR RD A322

AUSTIN, TEXAS 78703

512-339-6005 X 7958

MIKEBUESGENS@HOTMAIL.COM

SEPTEMBER 3, 2007

24

# EXHIBITS

## ORIGINAL COMPLAINT AGAINST MARY-ELLEN KRCHA

1. FORM SF95 FTCA SUM CERTAIN
**#2,346,464.00**
DATED: 8/19/2005

2. CERTIFIED MAIL RETURN RECEIPT
**3 LBS 4 OZ**
**FTCA CLAIM**
DELIVERED: 8/22/05 8:01 AM
DEPARTMENT OF THE TREASURY, DEPUTY GENERAL COUNSEL

3. MARY-ELLEN KRCHA
8327 2ND AVE
VIENNA, VA 22182-5761

25

4.    OCTOBER **31**, 2005
      LETTER
      From
      **MARY-ELLAN KRCHA**

5.    DECEMBER **12**, 2005
      LETTER
      From
      **U.S.P.S.**
      ANGELO BUSTAMANTE
      SAN ANTONIO, TEXAS

6.    JANUARY **6**, 2006
      LETTER
      From
      **MARY-ELLAN KRCHA**

7.    JANUARY **9**, 2006
      LETTER    FROM MARY-ELLAN KRCHA

8.    JANUARY **9**, 2006
      LETTER
      From
      **DANIEL CORTEZ** — POSTAL INSPECTOR
      FORT WORTH, TEXAS

                    26

9.    JUNE 1, 2006
A.    LETTER FROM U.S.P.S.
      BRITNY R. ROWLEY
B.    PARALEGAL SPECIALIST AT
C.    UNITED STATES POSTAL SERVICE
D.    PRACTICING LAW WITHOUT A LICENSE
      MAKING
E.    LEGAL DECISIONS
F.    PROVIDING LEGAL ADVICE
      TO
G.    PRO SE MICHAEL L BUESGENS
H.    FEDERAL TORT CLAIMS ACT

10.   MOL-1800
A.    R. BARRY ROBINSON  AUSA
      SPEAKS  TO  THE PANEL
B.    BUT
      THIS TIME NOBODY LISTENS
      TO HOT AIR

11.   MARCH 5, 2007
A.    MARK S. KAIZEN - ASSOCIATE
      GENERAL COUNSEL - IRS-GLS
      IS
B.    CONCERNED ABOUT BUESGENS
C.    SECOND TORT CLAIM FILING.

27

12. OCTOBER **4**, 2006 HUD-TORT CLAIM-FORM SF95 LETTER FROM

A. **MINIARD CULPEPPER** AT HUD NEW ENGLAND TORT CLAIMS CENTER - BOSTON, MA

B. **NEITHER** CULPEPPER **NOR** KRCHA PROVIDE THE REQUIRED **CLAIM NUMBER** IN THEIR LETTERS

C. MARCH **14**, 2007 LETTER FROM

D. **CULPEPPER** AND

E. LINDA G. **KATZ**-ATTORNEY-HUD

13. **IRS-GLS**-KAIZEN-KRCHA TORT CLAIMS PROCEDURES

28

14. **TIGTA**
A. **RODERICK FILLINGER**
   GENERAL COUNSEL
B. J. RUSSELL GEORGE
   INSPECTOR GENERAL

C. TREASURY INSPECTOR GENERAL
   FOR TAX ADMINISTRATION
   **TIGTA**
   FEDERAL TORT CLAIMS ACT
   **FTCA**
D. **INTERTWINED**
                WITH
E. **IRS - GLS -** GENERAL LEGAL
   SERVICES
F.              FARGITA
G.              KAIZEN
H.              SALYARDS
I.              **AUSA - U.S.** ATTORNEYS


15.   PROCEDURAL ASPECTS AND
      **STATED PURPOSE FOR FTCA**
      ADMINISTRATIVE CLAIM

16.. U.S. ATTORNEYS PROCESSING OF FEDERAL **TORT CLAIMS** AT THE DEPARTMENT OF JUSTICE-**DOJ**

17. **HUD-FTCA** COMPLAINT PROCESSING

A. **MINIARD CULPEPPER**
B. LINDA G. **KATZ**
C. BOSTON, MA
D. 1:07 CV 01538 WGY ✓
**HUD#** 06-06-293-8
R. BRETT ROBINSON-**AUSA**
**5TH** CIRCUIT NO. 06-60777

18. AGENCY REPORTING REQUIREMENT TO U.S. ATTORNEYS AUSA
R. BARRY ROBINSON — 1:06CV00967LY
KAREN MELNIK — 1:06CV0153BRCL
PAT S. GENIS —:1:07CV00859RBW
OLIVER MCDANIEL.
ELIZABETH KARPATI-4:06CV01399

30

19.        4:06CV01399
A.    FEDERAL TORT CLAIMS ACT
B.    MARY-ELLEN KRCHA
PROCESSED THIS ONE
AND
C.    MICHAEL L BUESGENS
MOTION TO INTERVENE - DENIED
AND
D.    THE APPEAL ON 7/8/2007
TO
E.    NANCY MAYER WHITTINGTON
F.    NANCY DUNN
G.    LINDA JONES
H.    $455.00 PAID

31

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

MICHAEL L. BUESGENS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

MARY-ELLEN KRCHA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PRO SE
PRIVATE ATTORNEY
GENERAL

Case: 1:07-cv-01585
Assigned To : Walton, Reggie B.
Assign. Date : 9/6/2007
Description: Civil Rights-Non-Employ.

JURY DEMAND

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

③

| □ G. *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | ⊗ L. *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>⊗ 444 Welfare<br>⊗ 440 Other Civil Rights<br>⊗ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**⊗ ORIGIN**

| ⊗ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

*42 USC 1983*

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*VIOLATIONS OF THE CONSTITUTION*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ⊗ YES   □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ⊗ YES   □ NO   If yes, please complete related case form.   *IN COMPLAINT*

DATE *9/3/07*   SIGNATURE OF ATTORNEY OF RECORD   *Michael Burgess PRO SE*
*PRIVATE ATTORNEY GENERAL*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Rev. 4/06
Pro Se Pd./
Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## <u>INFORMATION FOR PARTIES WHO WISH TO FILE A CIVIL COMPLAINT</u>

The following instructions have been compiled to assist a party wishing to file a complaint in this Court. Although we have attempted to simplify procedures, we cannot provide legal advice, pursuant to our Local Rules. It is not anticipated that these instructions will satisfy all of your needs. The Local Rules are available in the Clerk's Office at no charge, and the Federal Rules of Civil Procedure are available at any public library. Both sets of rules are also available on our website at: www.dcd.uscourts.gov/rules-forms.html.

**FILING FEE:** The required filing fee for a new case is $350.00. Your check or money order should be made payable to "Clerk, U.S. District Court."

**CIVIL COVER SHEET:** Our Civil Cover Sheet, Form JS-44, **must** be completed and submitted with your complaint.

**COMPLAINT:** The name of this Court must be written at the top of the first page. The complete name and address for each plaintiff must be included in the caption of the complaint. A Post Office Box is insufficient as an address, unless you file a separate motion asking the Court to permit such an address. All defendants **must** be named in the caption. The use of et al. is **not** permitted as the rules require you to name each defendant. The word **COMPLAINT** must appear under the caption. Clearly set out your grievance in the body of the complaint, name those against whom you have a grievance, and what you would like the Court to do to correct the situation. If you are requesting a jury trial, the jury demand must be stated in your complaint. The complaint **must** be double-spaced, on white, letter size (8 1/2 x 11 inch) paper, and two-hole punched at the top. Write only on the front of each page. You **must** originally sign your complaint in ink. The complaint must be filed in duplicate. (Sample format attached).

**SUMMONS:** Your summons must comply with Federal Rule 4(a) and 4(b) before it will be signed by a Deputy Clerk. A summons must be prepared for each defendant listed in your complaint prior to filing. You are responsible for service of the summons and complaint. If a U.S. Government agent or agency is a named defendant, your must prepare two additional summons; one for the U.S. Attorney General, and one for the U.S. Attorney for the District of Columbia. The U.S. Attorney General is located at: 950 Pennsylvania Avenue, NW, Washington, DC 20530. The U.S. Attorney for the District of Columbia is located at: 501 Third Street, NW, Washington, DC 20001. You must serve the originally signed and sealed summons, a copy of the complaint, and any other motion(s) and/or 7.1 Corporate Disclosure Statements presented at the time of filing on each named defendant in your complaint.

**EXECUTED RETURN OF SERVICE:** Litigants must file an executed return of service with the Court for each summons issued. (Sample format attached).

**EEOC COMPLAINT:** If you have been issued a Right to Sue Letter, you should attach it to each complaint.

**CLERK'S OFFICE MAILING ADDRESS:** U.S. District Court Clerk's Office, 333 Constitution Avenue, NW, Room 1225, Washington, DC 20001.

NANCY MAYER-WHITTINGTON, CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

## <u>DO NOT WRITE ON SAMPLE FORM</u>

YOUR NAME
YOUR ADDRESS
CITY, STATE & ZIP CODE
YOUR TELEPHONE NO.


     VS.                                   CIVIL ACTION NO. (To be filled in by Clerk)


DEFENDANT(S) NAME(S)
THEIR ADDRESS
CITY, STATE & ZIP CODE


### <u>COMPLAINT</u>

**DO NOT WRITE ON SAMPLE FORM**

SET FORTH THE FACTS OF YOUR CASE.

<u>ON THE LAST PAGE OF YOUR COMPLAINT</u>, SPELL OUT THE RELIEF YOU ARE
REQUESTING FROM THIS COURT.

IF YOU ARE ASKING FOR A TRIAL BY JURY, YOU MUST STATE THIS IN YOUR
COMPLAINT.

IF YOU ARE REQUESTING A SPECIFIC AMOUNT OF MONEY, STATE THIS IN YOUR
COMPLAINT.


                             ORIGINAL SIGNATURE (IN PEN)

                             YOUR NAME
                             YOUR ADDRESS
                             CITY, STATE & ZIP CODE

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

### NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
### IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**     *MICHAEL L. BUESGENS*

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:        *SYMBIOTIC RELATIONSHIPS*

1.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).        *AND ORGANIZATIONAL MISCONDUCT*

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

[X]    (a)    relates to common property

[X]    (b)    involves common issues of fact

[X]    (c)    grows out of the same event or transaction

[ ]    (d)    involves the validity or infringement of the same patent

[X]    (e)    is filed by the same pro se litigant

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [X]  *AND TO OPEN CASES*

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):  *SEE COMPLAINT – RELATED CASES*

4.    CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

*9/3/2007* _____ v. *Michael Buesgens* C.A. No. _____ *PLAINTIFF*
DATE              Signature of Plaintiff /Defendant (or counsel)

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MICHAEL L. BUESGENS

**SUMMONS IN A CIVIL CASE**

V.

MARY-ELLEN KRCHA

CASE NUMBER:

TO: (Name and address of Defendant)

MARY-ELLEN KRCHA
8327 2ND AVENUE
VIENNA, VIRGINIA 22182-5761

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| CLERK | DATE |

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____

_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

_____

_____

G   Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                    *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Certification of Judgment (AO 451 Rev - DC 9/29/03)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*MICHAEL L. BUESGENS*

Plaintiff(s)

v.

*JUDGE SAM SPARKS*

Defendant(s)    *ET-AL.*

Civil Action No. _____

*1:07CV000427SS*
*AUSTIN, TEXAS*

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN ANOTHER DISTRICT

I, NANCY MAYER-WHITTINGTON, Clerk of this United States District Court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on

_____, as it appears in the records of this court, and that:

☐ No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure have been disposed of, the latest order disposing of such a motion having been entered on _____ .

☐ An appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on _____ .

☐ An appeal was taken from this judgment and the appeal was dismissed by order entered on _____ .

IN TESTIMONY WHEREOF,   I sign my name and affix the seal of this Court on

NANCY MAYER-WHITTINGTON, Clerk

By: _____

Deputy Clerk

CO 234
Rev. 7/07

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## NOTICE OF ATTACHMENT BEFORE JUDGMENT
## PURSUANT TO TITLE 16 D.C.C., SECTION 501

To: _MARY-ELLAN KRCHA_
(Defendant)
_8327 2ND AVENUE_
(Address)
_VIENNA, VIRGINIA 22182-5161_

You are hereby notified that a Complaint and an Application for Writ of Attachment Before Judgment were filed by the Plaintiff in the above-listed case on the _____ day of _____, 2_____. The Application for the Writ requested an Order for the attachment before judgment on the following property:

_____

COPIES OF THE COMPLAINT AND WRIT OF ATTACHMENT ARE ENCLOSED.

Please NOTE the instructions that follow the checked box below:

☐ The application is granted and the writ is to be issued, effective immediately. However, you may ask the Court in writing to quash the attachment. You may do this through an attorney or, if you are not represented by an attorney, you may file an appropriate motion in the Clerk's Office, located in Room 1225, United States Court House, 3rd Street and Constitution Avenue, N.W., Washington, D.C. [Telephone: (202) 354-3000]

☐ The attachment will be effective (8) eight court days following mailing of this notice to you unless, within that time, you file with the Court an affidavit contradicting the facts on which the attachment is based. You may file this through an attorney or, if you are not represented by an attorney, you may file the affidavit in the Clerk's Office at the address shown above.

☐ A hearing will be held _____, at ____ o'clock in Courtroom No. _____, before the Honorable _____, United States District Judge, to determine whether the writ shall issue.

NANCY MAYER-WHITTINGTON, Clerk

By:_____

Deputy Clerk

Date: _____

Ronnie W. Suter, Sr. vs. Office of Personnel Management, DA844E000295I1          Page 1 of 1

¶7    The eligibility requirements for disability retirement under FERS are set forth at 5 U.S.C. § 8451 and regulations promulgated by OPM at 5 C.F.R. § 844.103. The statute provides that

an employee shall be considered disabled only if the employee is found by [OPM] to be unable, because of disease or injury, to render useful and efficient service in the employee's position. Notwithstanding [the above], an employee shall not be eligible for disability retirement under this section if the employee has declined a reasonable offer of reassignment to a vacant position in the employee's agency for which the employee is qualified if the position . . . is one in which the employee would be able to render useful and efficient service

*REASSIGNMENT REASONABLE*
*VACANT POSITION*

EXHIBIT 1

FORM SF95

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| DEPARTMENT OF TREASURY DEPUTY GENERAL COUNSEL 1500 PENNSYLVANIA AVE NW WASHINGTON, DC 20220 | MICHAEL L. BUESGENS 500 E. STASSNEY APT 1023 AUSTIN, TX 78745 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 9-3-50 | SINGLE | MARCH 7 2005 | AM AM/PM |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

CLAIMANT WAS CONSTRUCTIVELY DISCHARGED ON MARCH 7, 2005. THE CAUSE WAS NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. THE NEGLIGENCE, ACTS, INTENTIONAL ACTS, WRONGFUL ACTS, AND OMISSION FROM COLLUSION BY DEPARTMENT OF TREASURY AND INTERNAL REVENUE SERVICE EMPLOYEES AND OFFICERS ACTING WITHIN THE SCOPE OF THEIR OFFICIAL DUTIES. [ADDITIONAL PAGES]

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

PERSONAL INJURY, PSYCHOLOGICAL INJURY, EMOTIONAL INJURY, ECONOMIC INJURY, EMOTIONAL DISTRESS, MENTAL ANGUISH, PAIN AND SUFFERING, LOSS OF ENJOYMENT. THE EXTENT OF THESE INJURIES IS PAST, PRESENT, FUTURE

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| RUSSELL BOKELMAN JAMES SHELTON SAL MACIAS | INTERNAL REVENUE SERVICE AUSTIN COMPLIANCE CENTER 1831 DIRECTORS BLVD AUSTIN, TEXAS 78767 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | $2,346,464.00 | N/A | $2,346,464.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Michael R Buesgens | 512-447-7031 | 8-19-05 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 Previous editions not usable. | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) (EF) PRESCRIBED BY DEPT OF JUSTICE 28 CFR 14.2 |
|---|---|---|

07 1585

FILED

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 2

CERTIFIED MAIL

Direct Query - Intranet - "Quick" Search    Page 1 of 1

*FTCA CLAIM    SF95*



UNITED STATES
POSTAL SERVICE

## Track/Confirm - Intranet Item Inquiry - Domestic

| | | | |
|---|---|---|---|
| **Item: 7002 2030 0000 3739 5133** | | **Date/Time Mailed: 08/19/2005 09:38** | |
| **Destination** | **ZIP Code: 20220** | **City: WASHINGTON** | **State: DC** |
| **Origin** | **ZIP Code: 78701** | **City: AUSTIN** | **State: TX** |

**Class:** Priority Mail

**Anticipated Delivery Date:** 08/22/2005

**Weight:** 3 lb(s) 4 oz(s)    **Postage:** $12.55

| **Special Services** | **Associated Labels** | **Amount** |
|---|---|---|
| CERTIFIED MAIL | 7002 2030 0000 3739 5133 | $2.30 |
| RETURN RECEIPT | | $1.75 |

| **Event** | **Date/Time** | **Location** | **Scanner ID** |
|---|---|---|---|
| DELIVERED | 08/22/2005 08:01 | WASHINGTON, DC 20220 | L043800 |
| | Firm Name: TREASURY 20220 R4 | | |
| | Recipient: 'K ROBERTSON' | | |
| | Request Delivery Record | | |
| | View Delivery Signature and Address | | |
| ARRIVAL AT UNIT | 08/22/2005 03:55 | WASHINGTON, DC 20022 | K240434 |
| ACCEPT OR PICKUP | 08/19/2005 09:38 | AUSTIN, TX 78701 | |



DEPARTMENT OF TREASURY DEPUTY CASHIER
1500 PENNSYLVANIA AVE NW
WASHINGTON, DC 20220

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 3

MARY-ELLAN KRCHA
ADDRESS

Information Current Through:    08-04-2006

Database Updated:               10-01-2006

Update Frequency:               MONTHLY

Current Date:                   10/11/2006

Source:                         Data by InfoUSA, Copyright 2006, All Rights Reserved

                                HEAD OF HOUSEHOLD INFORMATION


Head of Household:              MARY-ELLAN M KRCHA

Marital Status:                 SINGLE

Name/Address Last Confirmed:    06/2005

                                HOUSEHOLD INFORMATION


Address:                        8327 2ND AVE

                                VIENNA, VA 22182-5161

County:                         FAIRFAX

Residence Type:                 SINGLE FAMILY DWELLING

Address First Reported:         2001
  END OF DOCUMENT

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 4
MARY-ELLIN
LETTER
10/31/2005



OFFICE OF
CHIEF COUNSEL

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224
OCT 3 1 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

Re: Federal tort claim for damages

Dear Ms. Buesgens:

We have received your letter concerning the status of the FTCA damage claim you believe you filed with the U.S. Department of the Treasury on or about August 19, 2005. It was forwarded to us from the Treasury General Counsel's Office. Please be advised that the only correspondence regarding your claim that we have received to date is the status letter. We have *not* received your claim documentation.

Please resubmit your claim form and all supporting documentation to the address noted below. Please also clarify if your claim involves an IRS employee or a federal employee from a different federal agency.

Please also note that when a claim is filed under the FTCA, certain information should be supplied to the appropriate federal agency to ensure a completed claim is filed and to aid in the disposition of the claim. Specifically: (1) the claim must be signed by either the claimant or his/her agent or representative; (2) the total dollar amount (sum certain) of the claimed damages must be stated; (3) substantiation for the damages claimed must be provided; and (4) enough information concerning the matter being complained about must be provided to the agency so the claim can be readily investigated.

Please be advised that once a completed claim is filed under the FTCA, the federal government agency responsible for handling the claim has *six months* from the date a completed claim is filed to render a determination on the claim. We try to review all completed claims very quickly, and many take much less than six months. Please direct all documentation and/or correspondence to my attention at the address below.

07 1585

**FILED**

SEP – 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

If you have any questions, please call me at (202) 283-7908

Sincerely,

*Mary-Ellan Krcha*

Mary-Ellan Krcha, Claims Manager
IRS Office of Chief Counsel (CC:GLS:CLP)
General Legal Services
950 L'Enfant Plaza, SW, 2nd Floor
Washington, DC 20024

EXHIBIT 5

ANGELO BUSTAMANTE
U.S.P.S.
LETTER


**CONSUMER AFFAIRS & CLAIMS
RIO GRANDE DISTRICT**

 **UNITED STATES
POSTAL SERVICE**

December 12, 2005

Michael Buesgens
500 E Spassney St Apt 1023
Austin, TX  78745-8745

Dear Mr. Buesgens

Thank you for contacting our National Service Center concerning status in filing PS Form 2016, *Mail Theft and Vandalism Complaint*, PS Form 8165, *Mail Fraud Report*, and PS Form 1510, *Mail Loss and Rifiling Report*.

At the outset, I want to apologize for the inconvenience you have been caused.  Mail losses are of great concern to us, even though they are rare.  Regrettably, when mail is lost, we have no sure way of determining what may have happened.  Because of the large volume of mail moving through the postal system, it is literally impossible to trace a single piece of First Class Mail.  Only Express and Registered Mail, which is accounted for during its journey, can be accurately traced.

The information you provided on each form will assist the Inspection Service, the law enforcement arm of the Postal Service, in their ongoing investigation by identifying specific patterns or trends.  This information is invaluable in the apprehension and arrest of individuals involved in mail theft situations.  We are specifically interested in any checks or other negotiable instruments that may have been forged and/or negotiated illegally.  Please note that customers do not automatically receive a response to such filings.

Thank you for contacting us and if your missing items are recovered in any investigation you will be contacted directly by the Postal Inspection Service. Please accept our apologies for any inconveniences this matter has caused for you.

Sincerely,

Angelo Bustamante
Consumer Affairs Specialist

Reference:  CO24721654

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

10410 PERRIN BEITEL RD
SAN ANTONIO, TX 78284-9631
210-368-8498
1-800-460-8366
FAX: 210-368-8313

EXHIBIT 6

MARY-ELLEN
LETTER
1/6/2006



**OFFICE OF
CHIEF COUNSEL**

**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224**

JAN 6 2006 ✓

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

Re: Federal tort claim for damages

Dear Mr. Buesgens:

This concerns my response, dated October 31, 2005, (copy attached) concerning the status of the FTCA damage claim you believe you filed with the U.S. Department of the Treasury on or about August 19, 2005.

Please be advised that I have checked with the appropriate offices within Treasury and the Internal Revenue Service to verify receipt of your tort claim. None of these offices has any record of receipt of your tort claim documentation.

As already stated in my October 31, 2005 letter, the only correspondence regarding your FTCA claim that has been received to date by either the Department or this agency is your undated letter asking the status of your FTCA claim (copy attached). That letter was forwarded to my office by the Treasury General Counsel's Office and was received here on October 28, 2005.

To pursue your FTCA matter administratively as required under the statute, you must resubmit your claim form and all supporting documentation to the address noted below.

Sincerely,

*Mary-Ellen Krcha*  ✓

Mary-Ellen Krcha, Claims Manager
IRS Office of Chief Counsel (CC:GLS:CLP)
General Legal Services
950 L'Enfant Plaza, SW, 2nd Floor
Washington, DC 20024

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 7

MARY-ELLAN

LETTER

1/9/2006



**OFFICE OF
CHIEF COUNSEL**

**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224**

**JAN 9 2006** ✓

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX  78745

Re:  Federal tort claim for damages; IRS Claim Number: 06-029

Dear Mr. Buesgens:

We have finally received the documentation for the claim you filed for damages arising from your employment with the Internal Revenue Service.

When a claim is filed under the FTCA, certain information should be supplied to the appropriate federal agency to ensure a completed claim is filed and to aid in the disposition of the claim.  Specifically: (1) the claim must be signed by either the claimant or his/her agent or representative; (2) the total dollar amount (sum certain) of the claimed damages must be stated; and (3) substantiation for the damages claimed must be provided.  On its face it appears that your claim is complete.  If we need additional information for consideration of your claim, you will be contacted.

Please be advised that once a completed claim is filed under the FTCA, the federal government agency responsible for handling the claim has *six months* from the date a completed claim is filed to render a determination on the claim. We try to review all completed claims very quickly, and many take much less than six months.  Please direct all further documentation and/or correspondence to my attention at the address below.

If you have any questions, please call me at (202) 283-7908.

Sincerely, ✓

*Mary-Ellan Krcha*

Mary-Ellan Krcha, Claims Manager
IRS Office of Chief Counsel (CC:GLS:CLP)
General Legal Services
950 L'Enfant Plaza, SW, 2nd Floor
Washington, DC  20024

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARY-ELLAN KRCHA

Internal Revenue Service
CLAIMS MANAGER, CC-GLS
1111 Constitution Avenue NW
Washington, DC 20224-0002

Official Business
Penalty for Private Use, $300

7870473278-73 COTE

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745



US OFFICIAL MAIL
$ YOU Penalty
For __ __ __ __

$0.37



MICHAEL L BUESGENS
3112 WINDSOR RD
#A322
AUSTIN, TX 78703

— Reported
to Postal Inspector

Wrong Address

Refused

NIXIE    3080 1    12    05/25/07
RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
RETURN TO SENDER

MARY-ELLEN KREHA
PROPERTY CLAIMS MANAGER
I.C.AT
8327 2ND AVENUE
VIENNA, VA 22182-5761

05/21/2007

$1.82

EXHIBIT 8
DANIEL CORTEZ
POSTAL INSPECTOR
LETTER

1/9/2006



UNITED STATES POSTAL INSPECTION SERVICE
INSPECTOR IN CHARGE - FORT WORTH DIVISION

January 9, 2006

Michael L Buesgens
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275

Dear Mr. Buesgens:

This will acknowledge receipt of your letter relative to the mail fraud, mail loss and rifling complaint you sent certified mail #70051820000160797243.

When information is received from postal customers concerning a possible violation, it is reviewed to determine if a possible violation has occurred. We have carefully reviewed the information you sent and have determined that based on the information provided, no postal violation has occurred.

Daniel Cortez
Inspector in Charge

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DIVISION HEADQUARTERS
14800 TRINITY BLVD., SUITE 600
FORT WORTH TX 76155-2675
TELEPHONE: 817-359-2700
FAX: 817-359-2708
http://www.usps.com/postalinspectors/

EXHIBIT 9
LEGAL DECISIONS
LEGAL ADVICE
FROM
BRITTANY R. ROWLEY
PARALEGAL AT U.S.P.S.

COUNSEL          Fax:16175657337          Dec  1 '06   15:59    P.01


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO: 7003 3110 0001 4791 0494**
**RETURN RECEIPT REQUESTED**

June 1, 2006

Michael L. Buesgens
500 E. Stassney #1023
Austin, Texas 78745

RE:   Federal Tort Claim

Dear Mr. Buesgens:

---

OPTIONAL FORM 99 (7-90)
**FAX TRANSMITTAL**    # of pages ▶ 2

To *Mike #459*    From *C. Katz*

Dept./Agency *pca request*    Phone #

Fax # *(512) 339-6099*

NSN 7540-01-317-7368   5099-101   GENERAL SERVICES ADMINISTRATION

*NEW ADDRESS:* 512-339-6005×7958
*3112 WINDSOR RD #A322*
*AUSTIN, TX 78703*

---

This is in reference to the administrative claim filed with the USPS under the
provisions of the Federal Tort Claims Act (FTCA).

The Postal Service is not legally obligated to pay all losses which may occur, but
only those caused by the negligent or wrongful act or omission of an employee while
acting in the scope of his/her employment. We are guided in our determination by
all the information available to us, including the reports of our personnel and any
other persons acquainted with the facts.

Based on our investigation of the matter, we find that there is no liability or fault on
the part of the government. The FTCA specifically excludes liability for claims based
upon the loss, miscarriage, or negligent transmission of letters or postal matter (See
28 U.S.C. §2680(b)). We cannot accept legal liability for these alleged damages.
Accordingly, this claim is denied.

07 1585

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with
the Postal Service's final denial of an administrative claim, a claimant may file suit in
a United States District Court no later than six (6) months after the date the Postal
Service *mails* the notice of that final action. Accordingly, any suit filed in regards to
this denial must be filed no later than six (6) months from the date of the mailing of
this letter, which is the date shown above. Further, note the United States of
America is the only proper defendant in a civil action brought pursuant to the
Federal Tort Claims Act and such suit may be heard only by a federal district court.

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 2 -

legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Brittany R. Rowley
Paralegal Specialist

EXHIBIT 10
MDL-1800
R. BARRY ROBINSON
AUSA

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re Michael L. Buesgens Litigation                    MDL No. 1800

**FEDER... DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION TO TRANSFER
AC...IONS TO THE DISTRICT OF COLUMBIA FOR COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

NOW COME Defendants, John W. Snow; Secretary, Department of the Treasury; Marcia

H. Coates, Director, Office of Equal Employment Opportunity Program, Department of Treasury;

Cari M. Dominguez, Chairman, Equal Employment Opportunity Commission; Kay Coles James,

Director, Office of Personnel Management; and J. Russell George, Inspector General, Treasury

Inspector General Tax Administration, all in their official capacities, by and through the U.S.

Attorney for the Western District of Texas, and file their Objections to Plaintiff's Motion to Transfer.

In support thereof, the Defendants respectfully offer the following:

## I. INTRODUCTION

1.      Plaintiff was employed by the Internal Revenue Service ("IRS") for approximately

15 years. Prior to his medical disability retirement in March 2005, he worked in the Wage &

Investment Division, as a GS-0962-08 Contact Representative in Austin, Texas. While employed

at the agency, Plaintiff was a member of the National Treasury Employees Union ("NTEU"). *See*

*Memorandum Opinion* at Exhibit A.

2.     Plaintiff filed three administrative complaints concerning his separation from the agency that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing.  On January 21, 2004, the EEOC Administrative Judge found that there was no discrimination.  A Final Agency Decision, affirming the determination, was rendered by the Department of Treasury on March 1, 2004.  Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004, and his request for reconsideration was also denied on February 18, 2005.  (*Id.*).

3.     On January 5, 2005, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the IRS claiming that the agency had improperly dismissed his previous EEO complaints as untimely filed.  On April 5, 2005, Plaintiff filed a Complaint in the United States District Court for the Western District of Texas, alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability[1].  (*Id.*; Exhibit B).

4.     On May 31, 2005, Plaintiff filed an Amended Complaint in the Western District of Texas, alleging that the Department of Treasury's administrative system for processing EEO complaints and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency.  Then on December 6, 2005, Plaintiff filed a Motion to Supplement the Record with an additional Complaint to assert a claim under the Freedom of Information Act against the Department of Treasury, seeking damages for the agency's handling of an alleged FOIA request. (Exhibit A, p. 2).

5.     On August 11, 2005, Plaintiff filed an unfair labor practice charge against the NTEU and defendant Colleen M. Kelley, National President of the NTEU.  On December 6, 2005, the

---

[1] *Buesgens v. Snow*, A-05-CA-243-SS

Federal Labor Relations Authority ("FLRA") Regional Director dismissed most of the allegations as untimely filed and dismissed the remaining allegation that the Union deliberately and unjustifiably treated Plaintiff differently than other unit employees by refusing "to pursue EEO complaints and related legal actions" for lack of evidence. (*Id.* at p. 3).

6.    On December 5, 2005, Plaintiff filed a lawsuit in the U.S. District Court for the District of Columbia[2]. (Exhibit C). In this lawsuit, Plaintiff alleges that the EEO process in Texas is biased and that the EEO defendants have abused the process and their power. (Exhibit A, p. 6). Specifically, Plaintiff states that "the central issue in this case is the continuing and the endemic systemic leadership condoned (defendants) that put the EEO complainants in harms way, and a substantial loss in due process rights. (*Id.*).

7.    On May 9, 2006, the District Court for the District of Columbia, after dismissing the one non-federal employee defendant Colleen M. Kelley, transferred the pending action to the United States District Court for the Western District of Texas because the case did not properly lie in the District of Columbia because it does not satisfy Title VII's specific venue provision set forth in Title 42 U.S.C. § 2000e-5(f)(3). (*Id.*)

8.    According to the latest PACER printout at Exhibit D, the case has been closed, but the file has not been transferred to the Clerk, Western District of Texas.

9.    On July 25, 2006, Plaintiff filed his Notice of Interlocutory Appeal of Courts Final Orders in case no. A-05-CA-243-SS with the United States Court of Appeals - Fifth Circuit. Plaintiff is presumably appealing the Court's Orders denying Plaintiff's Motion to Stay (DKT # 44);

---

[2]*Buesgens v. Coates, et al,* No. 05-2334(RCL).

Plaintiff's Request for Court Order (DKT # 46), and Plaintiff's Motion to Continue (DKT # 51). Plaintiff's appeal has been assigned number 06-50953.

10.     In Plaintiff's Motion to Transfer Proceedings to Multidistrict Litigation Panel, p. 2, he requests that the following civil actions be transferred to the U.S. District Court for the District of Columbia and presumably joined with civil action 1:2005-CV-02334 (which is now closed and Ordered transferred to the Western District of Texas):

a.     1:2005 CV 00243 SS

b.     1:2006 CV 00226

c.     1:2006 CV 00260

11.     On page 3 of Plaintiff's motion to transfer, he asserts and Defendants agree, that civil actions 1:05-CV-02334-RCL and 1:2005-CV-00243-SS are employment discrimination cases based on his alleged disability and retaliation.

12.     Civil actions 1:2006-CV-00226 LY and 1:2006-CV-00260-LY are alleged housing discrimination and wrongful eviction cases against non-federal Defendants who are not represented by the undersigned counsel. Plaintiff's unnumbered paragraphs on pages 4-13 contain allegations regarding civil action numbers  1:2006-CV-00226 LY and 1:2006-CV-00260-LY.

13.     The Federal Defendants respond to Plaintiff's enumerated pages as follows:

Page 14: Defendants admit Civil Action Numbers A:2005-CV-00243 SS and 1:2005-CV-02334 are employment discrimination cases based on his alleged disability and retaliation.

Page 15: Defendants deny Plaintiff's allegations and aver that the Fifth Circuit Court of Appeals affirmed the District Court's denial of appointment of counsel.  *See* [05-50730].

Page 16: Defendants deny Plaintiff's allegations of alleged violations of the Freedom of Information Act and the Privacy Act. Defendants admit that Plaintiff filed a claim under the Federal Tort Claims Act, but aver that the claim has no relevance to any of the civil actions at issue before this Court.

Page 17: Defendants admit that Plaintiff has alleged disability discrimination and retaliation in his pending civil actions, but aver that the material issues of fact in his two employment discrimination cases against the federal government differ from his housing discrimination claims against the non-federal Defendants.

Page 18: Defendants deny that Plaintiff has been subjected to discrimination. Defendants also deny that Plaintiff's medical disability retirement from the Internal Revenue Service was involuntary.

Page 19: Defendants deny all of Plaintiff's allegations.

Paragraph 4 on Pages 20-22: Defendant denies that all of Plaintiff's employment records and complaints of discrimination have been filed in Washington D.C. Defendants aver that both of Plaintiff's pending Title VII cases are in the District Court, Western District of Texas. Plaintiff's remaining allegations are too vague to answer.

Page 23: Defendants admit Plaintiff has a complaint pending before the Merit Systems Protection Board. Defendants have no knowledge of the remaining allegations.

## II. LEGAL ARGUMENT

14.    Plaintiff's effort to transfer these cases to a single district court is misplaced and without merit. The purpose of 28 U.S.C. § 1407 is to consolidate civil actions involving one or more common questions of fact that are pending in different districts to allow coordinated or consolidated

pretrial proceedings. Additionally, transfers of the proceedings are made for the convenience of the parties and witnesses in order to promote the just and efficient conduct of the cases. 28 U.S.C. § 1407.

15.    All of Plaintiff's pending cases are within one district, the Western District of Texas. Moreover, as explained by the district court of the District of Columbia, each of the venue provisions found in Title VII show that the District of Columbia is not the proper venue for this case. First, the alleged unlawful employment practice was not committed in the District of Columbia. Plaintiff was employed by the Internal Revenue Service as a seasonal Contact Representative in Austin, Texas. Second, none of Plaintiff's employment records are maintained and administered in the District of Columbia. Plaintiff's relevant employment records are located in the Western District of Texas. Additionally, the relevant management witnesses to this case are located in the Western District of Texas. Third, Plaintiff did not work in the District of Columbia at the time period identified in his discrimination complaints. Fourth, Plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue in the District of Columbia merely because Defendants' principal office is located in that District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. The District of Columbia District Court held the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars Plaintiff from proceeding with his lawsuit in the District of Columbia.

16.    Further, the discovery deadline in civil action 1:2005-CV-00243-SS ends on October 2, 2006, and the undersigned counsel anticipates this case will be disposed of by Defendant's dispositive motion which is due no later than October 9, 2006.

17.    Additionally, Plaintiff's claims in civil action 1:05-CV-02334-RCL are subject to summary dismissal for failure to state a claim for which relief can be granted. An alleged failure to process an EEO claim properly is not actionable under Title VII. Title VII does not create an independent cause of action for the mishandling of an employee's discrimination complaints. *See e.g., Stewart v. Evans,* 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action).

### III. CONCLUSION

18.    Considerations of convenience and justice weigh in favor of not transferring this action to the Multidistrict Litigation Panel. All of the reasons stated by the district court judge in Civil Action No. 1:05-CV-02334 for transferring that case to the Western District of Texas equally apply to the instant lawsuit. Plaintiff resides in Texas. Many of the witnesses and agency officials with knowledge relevant to Plaintiff's allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas. Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer would not be in the interest of justice.

Accordingly, the federal Defendants in the above referenced civil actions respectfully request that Plaintiff's motion to transfer be denied.

Respectfully Submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY:    _____
R. BARRY ROBINSON
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78216
(512) 916-5858/ Fax (512) 916-5854
Arkansas State Bar No. 85206

*Counsel for Defendants John W. Snow,*
*Marcia H. Coates, Cari M. Dominguez,*
*Kay Coles James, and J. Russell George*

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and

foregoing **Federal Defendants' Objections to Plaintiff's Motion to Transfer Actions to the**

**District of Columbia for Coordinated or Consolidated pretrial Proceedings Pursuant to 28**

**U.S.C. § 1407** has been served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on this

the 25th day of August 2006, addressed to:

> Michael L. Buesgens
> 3112 Windsor Rd. # A322
> Austin, TX 78703
> *Pro se Plaintiff*
>
> Shelley Bush Marmon
> Crady, Jewett & McCulley, LLP
> 2727 Allen Parkway, Suite 1700
> Houston, Texas 77019
> *Attorney for Defendants Falcon Apartments of Austin I. Inc., Falcon Apartment of Austin.*
> *Ltd., Falcon Ridge Apartments, Greystar Property Management, Mandy Rogers, Debi*
> *Wehmeier, and Amanda Wilson*
>
> William S. Warren
> Warren Law Firm
> 1011 Westlake Drive
> Austin, Texas 78746
> *Austin Apartment Association*

R. BARRY ROBINSON
Assistant United States Attorney

EXHIBIT 11
MARK S. KAIZEN
RESPONDENT SUPERIOR
MARY-ELLAN KRCHA



**OFFICE OF
CHIEF COUNSEL**

**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224**

MAR - 5 2007

Michael Buesgens
500 E. Stassney, #1023
Austin, TX 78745

Mr. Buesgens:

We have received notice that you are sending mail concerning presumed federal tort matters to the wrong address.

Be advised that any claim for damages you may wish to file under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671-2860, must be sent to the appropriate federal agency to be properly adjudicated. For federal tort claim matters concerning the IRS, the proper address is:

IRS Office of Chief Counsel
General Legal Services
950 L'Enfant Plaza, SW
Washington, DC 20024
Attn: Claims Management CC:GLS

Any and all mail concerning an IRS tort matter or potential claim that is not mailed to the address referenced above will be returned, unopened.

Sincerely,

Mark S. Kaizen
Associate Chief Counsel, General Legal Services
950 L'Enfant Plaza, SW
Washington, DC 20024

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHiBiT 12
10/04/2006
MiNiNEd CULPEPPER
HUD - FTCA
BosTon, MA

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. Department of Housing and Urban Development**
Federal Tort Claims Center
Office of the Regional Counsel
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street, Room 310
Boston, Massachusetts 02222-1092

New England

**(617) 994-8250     FAX: (617) 565-7337**

OCT – 4 2006

10/04/2006

Certified Mail – Return Receipt Requested

Michael L. Buesgens
3112 Windsor Rd. #A322
Austin, TX 78703

RE: Federal Tort Claims Act Administrative Claim

Dear Mr. Buesgens:

I am writing on behalf of the United States Department of Treasury, Internal Revenue Service, and the United States Department of Housing and Urban Development with regard to the administrative claim you filed on April 6, 2006. This is to inform you that we hereby deny your claim for monetary relief arising out of alleged discrimination HUD's handling of a housing discrimination complaint you filed on or about December 28, 2005, and all other matters encompassed in your claim received on April 6, 2006.

Please be advised that if you do not agree with the decision of the United States Department of the Treasury, Internal Revenue Service and the United States Department of Housing and Urban Development to deny your client claim, you may bring suit against the United States in an appropriate United States District Court no later than six (6) months after the date of mailing of this notification of denial. 28 U.S.C. § 2401 (b).

Very truly yours,

Miniard Culpepper,
Regional Counsel for New England



**New England**

**U.S. Department of Housing and Urban Development**
**Federal Tort Claims Center**
**Office of the Regional Counsel**
**Thomas P. O'Neill, Jr. Federal Building**
**10 Causeway Street, Room 310**
**Boston, Massachusetts 02222-1092**

**(617) 994-8250**     **FAX: (617) 565-7337**

March 14, 2007

3/14/2007

Michael L. Buesgens
3112 Windsor Rd. #A322
Austin, TX 78703

RE: Federal Tort Claims Act Administrative Claim

Dear Mr. Buesgens:

In response to your recent request, enclosed please find a copy of the SF 95 and the attachments you filed with HUD on April 6, 2006.

If you need further assistance, please feel free to contact me.

Sincerely,

Linda G. Katz
Attorney-Advisor

EXHIBIT 13
IRS - GLS
KRCHA
KAIZEN
FTCA INSTRUCTIONS

**Internal Revenue Service**
United States Department of the Treasury

**Part 39. General Legal Services** ✓ **GLS**
**Chapter 3. Claims and Suits**
**Section 1. Claims, Suits, and Related Matters**

**39.3.1  Claims, Suits, and Related Matters** ✓   MARY-ELLEN KRECHA
                                                    GLS - TIGTA - AUSA

- 39.3.1.1  Federal Tort Claims Act
- 39.3.1.2  Suits for the Recovery of Monetary Damages Where the Federal Tort Claims Act Does Not Serve as the Sole Jurisdictional Basis
- 39.3.1.3  Removal of Actions Brought in State Court
- 39.3.1.4  Military Personnel and Civilian Employees' Claims Act of 1964
- 39.3.1.5  Legal Advice Regarding Federal Claims Collection Act As Amended
- 39.3.1.6  Legal Memoranda Prepared on Questions Involving Potential Litigation
- 39.3.1.7  Requests for Government Representation of Non-Government Defendants
- Exhibit 39.3.1-1  Letter of Eligibility to be Represented by Government Counsel
- Exhibit 39.3.1-2  Department of Justice Form Entitled "Acknowledgment of Conditions of Department Representation"
- Exhibit 39.3.1-3  Letter to Non-Government Defendant

**39.3.1.1  (08-11-2004)**
**Federal Tort Claims Act**    *IRS*

1. This section concerns those situations where an administrative claim or suit has been filed for property damages and/or personal injury against the United States under circumstances where the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, is the exclusive mode of relief.

2. The legal aspects of these claims are the responsibility of the Associate Chief Counsel (GLS), Claims, Labor & Personnel Law (CLP) Branch. However, from time to time, Area Counsel (GLS) will be requested to obtain information or perform other legal services in some of these cases.

**39.3.1.1.1  (08-11-2004)**
**Action upon Receipt of Administrative Claims for Damages**

1. Administrative claims filed with the Agency in any office are to be forwarded to the Claims Manager, CC:GLS, under the procedures set forth in IRM 1.14.5, Occupational Safety and Health Program. The Claims Manager has been delegated settlement authority in relation to such claims under the FTCA. Upon receipt of such a claim, the Claims Manager determines whether a legal opinion is required as to a recommendation of the disposition of the claim.

2. Claims which do not need a legal opinion are claims that satisfy all of the criteria below. The Claims Manager prepares a memorandum recommending payment for such claims and forwards the memorandum to the Chief, CLP, for legal review.

    A.  The claim is for property damage and minor personal injury only.

    B.  There is no legal question regarding scope of employment or liability.

    C.  The appropriate amount of damages is subject to certainty.

3. Claims that do not satisfy the above criteria require a legal opinion which sets forth a recommendation regarding the claim. Such a claim is forwarded to the Chief, CLP. The claim is then assigned to an attorney or paralegal for preparation of the law and fact memorandum.

4. Any additional information received by the Claims Manager pursuant to an assigned claim will be associated with that claim.

**39.3.1.1.2  (08-11-2004)**
**GLS Action upon Receipt of Claim**

1. The claim and all accompanying materials must be examined to determine if a properly executed and completed claim has been filed. The claim must contain the following required information:

07 1585

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- A sum certain

2. The claim must be filed within the two year statute of limitations commencing on the date of the occurrence of the alleged wrongful act or negligence.

**39.3.1.1.3 (08-11-2004)**
**Information Gathering**

1. If information which has not been supplied is necessary to adjudicate the claim, GLS should prepare a letter requesting that such information be expeditiously submitted. If the requested information has not been received within a reasonable length of time, a second letter should follow. Such letters should be sent by certified mail, return receipt requested.

2. Evidence and information regarding proof of damages must be supplied in accordance with the provisions of 28 C.F.R. § 14.4.

3. The following documentation is desirable for property claims in amounts less than $1,500.00:

   - Standard Form 91, Motor Vehicle Accident Report (where applicable)

   - Standard Form 92-A, Report of Accident Other Than Motor Vehicle (where applicable)

   - Statements bearing on the employee's scope of employment if other than motor vehicle accident

4. If the claim is for personal injury and/or property damage of $1,500.00 or more, then in addition to the appropriate forms set forth above, a formal investigation report may be requested by the assigned attorney or paralegal through the Claims Manager. The employee may also be contacted for additional information.

**39.3.1.1.4 (08-11-2004)**
**Research on the Claim**

1. Once the claim has been perfected, the facts and the legal issues raised by those facts must be analyzed by the assigned attorney or paralegal.

2. In determining whether the United States is liable under the FTCA, an examination of the laws of the state where the act occurred is required. This includes the statutes and court decisions as to the issues of negligence and scope of employment.

**39.3.1.1.5 (08-11-2004)**
**Recommendation Regarding Disposition of a Claim**

1. For claims which require a legal opinion (see CCDM 39.3.1.1.1(3)), a law and fact memorandum is prepared by the assigned attorney or paralegal and sent to the Claims Manager recommending an impartial disposition of the claim. This memorandum should give a concise analysis of:

   - All pertinent facts surrounding the case

   - The legal issues presented by the facts

   - The relevant law of the state involved and any relevant federal statutory provisions

   - Conclusions and recommendations on the claim

2. For claims which do not require a legal opinion (see CCDM 39.3.1.1.1(2)), the Claims Manager prepares a memorandum regarding payment of the claim. Claims are subject to legal review. Memoranda regarding such claims prepared by the Claims Manager must be approved by an attorney.

**39.3.1.1.6 (08-11-2004)**
**Referrals to the Department of Justice**

1. Any proposed award, compromise, or settlement of an administrative claim in excess of $25,000

requires prior written approval of the Attorney General or designee. In addition, any administrative claim, which in the opinion of the agency involves a new precedent or a new point of law, a question of policy, a question of whether the United States is or may be entitled to indemnity or contribution, or which may control the disposition of a related claim which exceeds $25,000, requires prior consultation with the DJ as indicated above. Any proposed award, compromise, or settlement requiring approval or consultation with the DJ under the provisions of 28 C.F.R. §14.6 must be reviewed by the Committee on Tort Claims of the Treasury Department prior to referral to the Attorney General.

2. If the claim requires the approval of or consultation with the Attorney General, a memorandum of law and fact shall be prepared by the assigned attorney or paralegal and submitted to the Claims Manager for written approval. Additionally, a letter transmitting the matter to the Committee on Tort Claims of the Department of Treasury will be prepared for the signature of the Claims Manager. If the claim is approved by the Committee on Tort Claims for the Treasury Department, the matter shall be transmitted to the Assistant Attorney General, Civil Division, DJ, by the General Counsel of the Treasury Department.

### 39.3.1.1.7 (08-11-2004)
### Letter to the Claimant Regarding Disposition of the Claim

1. A letter to the claimant is prepared and signed by the Claims Manager. The letter is addressed to the claimant or authorized representative and, if the claim is allowed in full, the letter is sent by regular mail. All letters will briefly identify the circumstances out of which the claim arose and the amount claimed. They will also incorporate the proposed action set forth in the legal memorandum.

2. If the claimant is offered an amount that is smaller than that claimed, then a general statement of why such an amount is offered may be set forth. If a lesser amount is offered or if the claim is totally denied, then a paragraph must be inserted in the letter which informs the claimant of the right to file suit within the six-month statutory time limitation and such letter must be sent by certified mail, return receipt requested. An example of such a notice is as follows: "In the event you are dissatisfied with this action, you may file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification." 28 U.S.C. § 2401(b).

### 39.3.1.1.8 (08-11-2004)
### Preparation of Voucher

1. In those cases in which a claim is being allowed in full or an offer of settlement is being made, the Claims Manager will prepare a Voucher For Payment Under the Federal Tort Claims Act. Payment will be made upon receipt of the signed voucher.

2. The voucher will be made payable to the claimant unless the claimant is represented by counsel. If the claimant has counsel, the voucher shall designate both the claimant and counsel and be mailed to the address of counsel.

3. In those cases concerning property damage in which there is a deductible, the deductible will be paid only to the claimant upon receipt of a claim for the deductible. The insurance carrier will only be paid the non-deductible portion of the claim unless the insured states in writing that he or she authorizes the insurer to file a claim on his or her behalf.

4. Upon receipt of the signed voucher in the amount of $2,500.00 or less, the Claims Manager will forward the voucher to the Stewardship and Budgeting Branch, Office of Strategy and Finance, for payment.

5. When the amount of the award is more than $2,500.00, the Claims Manager will forward the signed voucher to the Judgment Funds Group, Financial Management Services, for payment.

### 39.3.1.1.9 (08-11-2004)
### Actions upon Claimant's Request for Reconsideration

1. If a claimant submits a claim for reconsideration under the provisions set forth in 28 C.F.R. § 14.9(b), prior to initiating suit or the expiration of the six-month period for filing suit, the claim is forwarded by the Claims Manager to the Chief, CLP. The claim is examined to see if additional facts or evidence warrant further consideration.

2. A formal memorandum on the claim will be prepared by the assigned attorney or paralegal only if new or intervening evidence has been submitted which will alter the original recommendation of Counsel.

### 39.3.1.1.10 (08-11-2004)
### Final Closing of Administrative Claim

1. Once action has been taken on an administrative claim by the Claims Manager, the case is closed.

### 39.3.1.1.11 (08-11-2004)
### Litigation under the Federal Tort Claims Act

1. Suits brought under the FTCA will be referred to the Associate Chief Counsel (GLS) for coordination with DJ and for preparation of a litigation report.

2. In those instances in which the suit is brought against the United States and/or its employees in a state court, immediate action will be initiated by the assigned attorney or paralegal to have the appropriate U.S. Attorney remove the suit to federal district court. See CCDM 39.3.1.3. In suits in which an individual employee is named as a defendant, the U.S. Attorney may request that the employee involved request and obtain representation by the United States.

3. After all available factual information pertaining to the suit in question has been obtained, a litigation report will be prepared in CLP Branch, Associate Chief Counsel (GLS), and will be submitted to the official designated in the DJ letter to receive the report.

### 39.3.1.2 (08-11-2004)
### Suits for the Recovery of Monetary Damages Where the Federal Tort Claims Act Does Not Serve as the Sole Jurisdictional Basis

1. The Associate Chief Counsel (GLS), has been delegated the responsibility for coordinating with DJ the defense of civil actions for monetary damages brought against the United States, the Agency itself, and/or individually named employees for alleged actions taken by employees in the due performance of their official duties. For instance, such suits may be brought for alleged violations of constitutional rights, i.e., Bivens-type actions and alleged violations of civil rights protected by statute. In some of these cases the complaint will seek monetary damages as well as injunctive or other relief concerning a real or imagined tax problem. If the principal issue in such cases is damages under the FTCA or against an employee in an individual capacity, the Associate Chief Counsel (GLS) will handle the matter and coordinate the case with the Office of the Associate Chief Counsel (P&A) in significant cases or those involving novel issues, or the appropriate SBSE office in other cases.

2. Area Counsel has been delegated the authority to prepare litigation reports to coordinate this type of case with DJ except in cases in which an administrative claim under the Federal Tort Claims Act has been filed by the plaintiff. In that situation, the CLP Branch will provide DJ with litigation support. CLP may also provide litigation support to DJ in the following situations:

    A. Only a Headquarters official is named as a defendant.

    B. The primary defendant is a Headquarters official and most of the required information is in Headquarters.

    C. The actions complained of occurred in more than one Area Counsel geographical region or the employees named as defendants have posts of duty in more than one Area Counsel geographical region.

    D. An Area Counsel office is disqualified because of a potential conflict of interest.

3. Once a decision has been made to request representation from DJ, the proper Division of DJ shall be notified. The GLS attorney should advise the trial attorney assigned to the case of the suit and inform the Assistant U.S. Attorney that representation for the employee or former employee has been or will be requested by the Agency. The same information should then be shared with the U.S. Attorney for the district where the civil suit was filed.

### 39.3.1.2.1 (08-11-2004)
### Procedures to Maintain Confidentiality of Information and to Avoid Conflict of Interest

1. The attorney-client relationship between employee-defendants and Chief Counsel attorneys assigned to these types of cases will be governed by the Attorney General's Representation Guidelines set forth in 28 C.F.R. §§ 50.15 and 50.16.

2. Because both CLP and the Area Counsel offices also handle personnel actions, there may be times when an office needs to disqualify itself from either the personnel matter or the civil litigation matter in which the employee is named as a defendant. The Branch or office will permanently disqualify itself, and all attorneys in the office, from any personnel action against an employee based in any degree on conduct which is the basis of a civil action against the employee where the office has begun representation of the employee as provided in this section. Similarly, the Branch or office will permanently disqualify itself from representation of an employee in any civil litigation of the type here

described if the office has begun repr___itation of the Service or Counsel in any personn___ ___tion against the employee, regardless of the merits of such action. Matters in which such conflicts arise will be referred to the Associate Chief Counsel (GLS) through the Chief, CLP, for reassignment to another Area Counsel office or to CLP, as appropriate.

3. **Isolation of Files and Information.** When the Associate Chief Counsel (GLS) has been involved in providing or determining whether representation should be provided in a civil action against an employee and a personnel action arises involving the same employee out of the same facts and circumstances, then all possible efforts (including the isolation of files) shall be taken to insure that materials and information relating to the civil action are not available to GLS attorneys involved in the personnel action. GLS attorneys will share pertinent portions of the case files with attorneys in other Chief Counsel functions as necessary when litigation involves issues within the jurisdiction of those functions.

**39.3.1.2.2  (08-11-2004)**
**Coordination with DJ**

1. Defense of actions involving claims against the United States before federal and state courts will, in most instances, be undertaken by DJ.

2. Upon receipt of a complaint, GLS should confirm that DJ is aware of the complaint.

3. If an individual employee receives a request for a waiver of service of summons, the GLS attorney assigned to the case should contact DJ to discuss whether the waiver should be signed.

4. If, after being informed of the role of the attorney in the Office of Chief Counsel assigned to the case and the attorney's relationship with the employee defendant, that employee elects to request representation by Government counsel, the GLS attorney shall send the employee a letter of eligibility to be represented by Government counsel and a DJ Acknowledgment of Conditions of Department Representation. See Exhibit 39.3.1-1 and Exhibit 39.3.1-2.

5. A copy of the signed Letter of Eligibility and the original of the DJ Acknowledgment will be sent to DJ with a letter containing a summary of available factual information, our findings as to whether the employee was acting within the scope of his employment, and our recommendation for or against providing representation.

6. Information obtained by the GLS attorney concerning the complaint shall be covered by the attorney/client privilege whether or not representation is terminated or the office recommends that DJ not represent the employee.

7. The GLS attorney should explain to the employees that any representation afforded individuals in these cases is based upon the fact that since Agency employees are involved the Agency has an interest in the outcome of the litigation, but if protecting the interest of an individual conflicts with the obligation of protecting the interest of the Agency it will be necessary for the attorney to disqualify himself/herself.

8. GLS will furnish DJ a litigation report for the defense of the Government's or employee-defendant's conduct.

9. The GLS attorney will render whatever assistance is necessary by promptly securing further documentation as requested. The attorney must obtain a status report on the case from DJ every 60 days.

**39.3.1.2.2.1  (08-11-2004)**
**Defendants Other than Employees Sued in Their Individual Capacities**

1. As previously noted, plaintiffs in this type of litigation often name the United States, the Treasury Department, the Service, the Secretary of the Treasury, or the Commissioner in their official capacity as the defendant or as one of many defendants.

2. Neither scope of employment facts nor requests for representation is necessary with respect to any of these defendants. Every effort should be made to avoid having the Secretary or the Commissioner execute an affidavit.

**39.3.1.2.3  (08-11-2004)**
**Coordination within the Office of Chief Counsel**

1. Coordination with the Associate Chief Counsel (Procedure and Administration). In various cases a plaintiff will seek monetary damages under I.R.C. § 7433 or injunctive or other relief concerning a real

employees. The jurisdiction of the Associate Chief Counsel (GLS) and Associate Chief Counsel (P&A) overlap in these cases. If the principal issue in such cases is damages under the FTCA or from individual employees, the Associate Chief Counsel (GLS) will handle the matter and coordinate with the Associate Chief Counsel (P&A) in significant cases or those involving novel issues, or the appropriate Associate Area Counsel (SBSE) in other cases. On the other hand, if the principal issue in such cases is injunctive or other relief concerning a tax problem, the matter will be handled by the appropriate Associate Area Counsel (SBSE) and coordinated with the Associate Chief Counsel (GLS). The determination of what is the principal issue in these cases must be made on a case-by-case basis. These suits will be fully coordinated among the appropriate offices.

2. Coordination with the Assistant Chief Counsel, Disclosure and Privacy Law. In the event that disclosure of tax information is involved, it is the responsibility of the GLS attorney assigned to the case to ensure that appropriate coordination takes place with the DPL. Further, section 7431 cases often contain Privacy Act (5 U.S.C. § 552a) counts that require coordination with DPL.

### 39.3.1.2.4 (08-11-2004)
### Payment of Judgments

1. The Federal Tort Claims Act contains specific authorization for the payment of judgments in 28 U.S.C. § 2414.

2. Section 7423 of the Internal Revenue Code authorizes reimbursement of an employee for damages and costs recovered against the employee for acts done in the due performance of official duty. Although reimbursement is discretionary, the Service can virtually assure an employee defendant, who was acting within the scope of the employee's official duties that the Government will pay a judgment rendered against the employee.

### 39.3.1.3 (08-11-2004)
### Removal of Actions Brought in State Court

1. In exercising its delegated authority, GLS will encounter several types of cases in which the removal of a proceeding from a state court to a federal district court is necessary or desirable. This section describes the procedures for use in the following types of cases.

### 39.3.1.3.1 (08-11-2004)
### Suits Cognizable Under the Federal Tort Claims Act

1. The type of case most frequently encountered involves employees who are sued individually in state court for damages, usually arising from automobile accidents, where the employee was acting within the scope of employment. Since such a case is cognizable under the FTCA and the exclusive remedy is against the United States, the assigned GLS attorney or paralegal shall prepare a letter to the appropriate U.S. Attorney requesting removal to a federal district court and substitution of the United States as the defendant.

2. In instances where the plaintiff has not exhausted his administrative remedies, GLS Area Counsel has the responsibility for assisting the DJ in arranging for dismissal of the case upon removal.

### 39.3.1.3.2 (08-11-2004)
### Bivens-Type Suits

1. Suits for damages brought in state courts against federal employees or the United States and its agencies where the employee named as the defendant was acting within the scope of his authority, commonly called Bivens-type suits, may be removed to a federal district court pursuant to 28 U.S.C. §1442. The assigned attorney or paralegal shall request that the U.S. Attorney obtain such removal.

### 39.3.1.3.3 (08-11-2004)
### Suits Charging Violations of State Criminal Laws

1. Suits brought in a state court charging a federal employee with a state criminal violation as a result of acts taken under color of office may, under appropriate circumstances, be removed to federal district court pursuant to 28 U.S.C. §1442.

2. The removal of these actions is an extremely sensitive area and caution should be exercised in recommending such removals to DJ. Before making a recommendation for the removal of a case of this type, the GLS attorney should thoroughly research the law in this area and closely analyze the facts to be sure that the matter falls within decided opinions and the interest of the Government will be protected by such action.

3. In determining whether such a recommendation to DJ should be made, the attorney shall be cognizant of the time limits prescribed in 28 U.S.C. §1446(c)(1) for filing a petition for removal of a criminal prosecution.

4. In non-routine cases, GLS attorneys shall consult with the Associate Chief Counsel (GLS) or either Deputy Associate Chief Counsel (GLS), prior to recommending the removal of such a case.

## 39.3.1.3.4  (08-11-2004)
## General Procedures for Removal Actions

1. The removal of a case should be coordinated by the assigned attorney or paralegal directly with the appropriate Office of the U.S. Attorney.

2. In all removal cases where an employee is individually named as a defendant, the GLS attorney should assist that employee in making a request for representation as required by DJ.

3. The attorney should be cognizant of the time limits prescribed for removal of the particular type of actions as prescribed by

   - 28 U.S.C. § 1446 for Bivens-type actions

   - 28 U.S.C. § 2679(d) for actions under the FTCA

   - 28 U.S.C. § 1446(c)(1) for criminal prosecutions

4. The attorney assigned to the matter is responsible for promptly furnishing DJ and/or the U.S. Attorney with all available data upon which a removal action can be based.

5. Once the petition or certification has been properly filed in the appropriate federal court, the matter will be automatically removed. There is no requirement for a hearing.

## 39.3.1.4  (08-11-2004)
## Military Personnel and Civilian Employees' Claims Act of 1964

1. The Military Personnel and Civilian Employees' Claims Act of 1964, 31 U.S.C. § 3721, authorizes the heads of federal agencies, or their designees, to settle and pay the claim of an officer or employee of the agency for damage to, or loss of, personal property incident to the service of the officer or employee. Treasury regulations implementing this Act may be found at TD P 32-13. Commissioner Delegation Order 1-4 (formerly D.O. 23 (Rev. 15) dated May 5, 1997), has delegated to the Claims Manager, CC:GLS, the authority to settle and pay employees' personal property claims.

2. The Associate Chief Counsel (GLS), CLP Branch, performs the legal work of the office relating to the MPCECA. The Claims Manager may request legal advice on a claim, and the GLS attorney will prepare a memorandum which will include:

   A. The facts surrounding the claim and legal issues upon which the claim was originally referred

   B. The legal issues upon which the claim was presented along with any additional issue

   C. The essential facts upon which approval or disapproval of the claim may turn

   D. The law as provided for by relevant statutory and regulatory provisions

   E. The conclusions and recommendations regarding the claim

3. Legal review of claims over $500 is required. The attorney reviewing the claim should complete section 12 of the form found at TD P 32-13.1.

4. The Claims Manager will prepare a letter to the claimant either approving the claim in full or in part, or, if disapproving it, briefly setting forth the reasons why it has been disapproved.

## 39.3.1.5  (08-11-2004)
## Legal Advice Regarding Federal Claims Collection Act As Amended

1. The Federal Claims Collection Act, as amended, 31 U.S.C. §§ 3701, 3711, et seq., 103, provides for the collection, compromise, termination, suspension, and referral to DJ of non-tax and non-



interagency debts owed to the United States.

2. Commissioner Delegation Order No. 111 (Rev. 13) dated July 31, 1996, provides authorization to various IRS functions, including the Claims Manager, GLS, to collect claims and to compromise, terminate, or suspend claims collection activity, and requires the advice of Counsel when the claims reach certain dollar thresholds.

3. The Associate Chief Counsel (GLS) has been delegated the responsibility to supervise, coordinate, and perform the legal work of the office for claims or suits brought under the Federal Claims Collection Act, as amended. Area Counsel and CLP Branch provide the legal advice and litigation support in such matters as provided in Delegation Order 111.

4. Advice on claims collection matters should conform with Title 31 C.F.R. Part 900 which provides guidance on claims collection matters including compromise, suspension, and termination of claims collection as well as referral of claims collection matters to DJ.

## 39.3.1.6 (08-11-2004)
## Legal Memoranda Prepared on Questions Involving Potential Litigation

1. All GLS attorneys shall open their legal opinions on subjects where litigation can reasonably be anticipated with a statement that the advice and recommendations contained therein are provided in anticipation of litigation.

## 39.3.1.7 (08-11-2004)
## Requests for Government Representation of Non-Government Defendants

1. DJ will, under some circumstances, provide representation to non-Government defendants. Representation has been provided to spouses of Agency employees named as defendants in damage suits against employees arising from the performance of their duties. Informants and other non-Government defendants have been afforded representation where it has been shown that they acted under the direction and control of the Agency. Absent compelling circumstances, DJ will not provide representation to independent contractors or others who do business with the Service.

## 39.3.1.7.1 (08-11-2004)
## General Instructions

1. A non-Government defendant served with process who desires representation by Government counsel should immediately contact GLS.

2. The attorney who receives notification of the suit from the non-Government defendant and a request for Government representation will immediately advise the non-Government defendant of the information contained in paragraphs (3) through (8).

3. Whether legal representation will be afforded to a non-Government defendant is a discretionary matter to be determined by DJ.

4. The Government is also the client of the attorney who is providing representation to the non-Government defendant sued individually, thereby creating a potential conflict of interest. Whenever the interest of the defendant diverges from that of the United States, as when the defendant confides information to the attorney which tends to show that the defendant has committed a crime, representation of the defendant by Government counsel will cease. In such event, subject to the limitation specifically set forth below, confidential communications concerning the subject matter of the suit in the possession of the Government attorney will not be told or given to anyone without the written permission of the non-Government defendant.

5. Confidential communications given to the GLS attorney during the representation process which relate to the case will be protected by the attorney/client privilege in the same manner that such communications to a private sector attorney would be protected.

6. If DJ furnishes the non-Government defendant representation, the assigned GLS attorney may furnish factual material, legal defenses, recommendations, and assistance to DJ as requested.

7. GLS attorneys cannot provide legal assistance to non-Government defendants with respect to an investigation for criminal activity related to the litigation.

8. Legal assistance provided by the assigned GLS attorney will be stopped if:

    A. The non-Government defendant fails to faithfully provide all the information he/she has

regarding the case.

B.  A determination is made that the defendant's actions for which he is being sued were criminal.

C.  The non-Government defendant becomes the target of a criminal investigation.

D.  The non-Government defendant is indicted as a result of the actions for which he is being sued.

E.  It is determined that the interest of the non-Government defendant does not coincide with the interest of the United States.

9.  If, after having the conditions above explained, a non-Government defendant wishes to request representation by Government attorneys, he shall sign the letter sent him informing him of his possible eligibility to be represented by Government counsel.

**39.3.1.7.2 (08-11-2004)**
**Instructions to Attorneys**

1.  Once a non-Government defendant has been sued and has requested representation, the attorney assigned to the case will immediately send the non-Government defendant a copy of this section and a letter informing the defendant of his possible eligibility to be represented by Government counsel. See Exhibit 39.3.1-3.

2.  All communications concerning the complaint that are obtained by the attorney assigned to the case will be treated as confidential as previously explained in this section.

3.  The GLS attorney assigned to the case shall prepare a complete account of the facts surrounding the incident, including:

    A.  The terms of the Agency's contract with the non-Government defendant, if appropriate

    B.  A statement detailing the involvement and supervisory actions of Agency employees in regard to the activities complained of

    C.  Factors indicating the projected benefit for the administration of the internal revenue laws should representation be afforded to the non-Government defendant, and factors indicating any prospect of actual harm to the Government if legal representation is not afforded to the non-Government defendant

4.  The request for representation shall be transmitted to DJ, accompanied by a complete exposition of the facts, together with GLS's analysis of the Government's interest in providing the requested representation.

5.  Representation requests should be submitted to the Tax or Civil Division at DJ, as appropriate. If a request for representation is denied, GLS may request a meeting with the DJ Representation Committee to present the office's position.

**Exhibit 39.3.1-1 (08-11-2004)**
**Letter of Eligibility to be Represented by Government Counsel**

Re:
Dear:

   We are informed that you have been sued in your individual capacity for damages in the above-entitled action. Since this matter appears to have arisen as a result of your being an employee of the Internal Revenue Service (or the Office of Chief Counsel), you may be eligible to be represented by a Government attorney. Such representation by Department of Justice and Chief Counsel attorneys will be subject to the express terms and conditions of the Attorney General's Representation Guidelines set out in 28 C.F.R. §§50.15 and 50.16, which are summarized in the attached Acknowledgement of Conditions of Department Representation. Accordingly, please read these conditions in their entirety.
   Your request for representation will be denied by the Department of Justice if it determines that you did not act within the due performance of your official duties. Additionally, if you have a very short period in which to answer the complaint and there is a delay by the Department of

Justice in approving your request for representation, then it may be
advisable for you to obtain temporary counsel.

Please note that § 9 of the Acknowledgment of Conditions of
Department Representation, which accompanies this letter, incorrectly
states that you will be personally responsible for the payment of any
judgment rendered against you individually. Under Internal Revenue
Code § 7423(2), judgments rendered against Service or Office of Chief
Counsel employees for actions taken in the due performance of their
official duties under the Code may be paid by the Service. Section 9 of
the acknowledgment reads as it does because most Federal agencies
do not have the authority to pay judgments against their employees like
the Service does and the acknowledgment form was designed for
government-wide use.

If you desire to be represented by Government counsel, please sign
and return both this letter and the Department of Justice
Acknowledgment of Conditions. If there is anything in this letter or the
Acknowledgment of Conditions which is unclear to you, please discuss it
with the Chief Counsel attorney assigned to the case before you sign
and return either of these documents. The attorney assigned to this
case,        , may be reached at        .

Sincerely,

(NAME)
Chief Counsel
By:
   Title

* * * * * *

Request:
I hereby request representation by Government counsel in the above-
captioned case.
Date
Signature


Exhibit 39.3.1-2  (08-11-2004)
Department of Justice Form Entitled "Acknowledgment of Conditions of Department
Representation"


U.S. Department of Justice
Acknowledgment of Conditions of Department Representation
Name of Case
District Court Number
DOJ Contact Attorney At Main Justice
DOJ Number
Date Filed
Name and Address of Person To Be Represented

This acknowledgment must be executed as part of your request for
legal representation by the Department of Justice. The acknowledgment
is designed to advise you of the extent and nature of legal representation
that can be provided you by Department of Justice attorneys. Your
signature at the end of the acknowledgment shows your understanding
of and agreement to such representation.

The acknowledgment may be submitted either at the time you
request representation or immediately after you have been notified that
the Department has approved your pending request.

If you agree to accept Justice Department representation pursuant
to the provisions set forth below, please execute the signature block at
the end of the acknowledgment and return to the person furnishing you
the acknowledgment. If the Department has advised that it will provide
you with representation, the Department's representation will be
considered to have taken effect on the date it was first authorized
provided that you have signed and returned this acknowledgment. If this
acknowledgment is being submitted as part of your request for
representation, you will be advised of the Department's decision
promptly after it has been made.

Your representation will be governed by the Attorney General's
Representation Guidelines set forth in 28 C.F.R. §§ 50.15 and 50.16. A
copy will be furnished upon request.

Representation is provided under the Guidelines upon a
determination that it is in the interest of the United States to do so.
Additionally, if you are being sued for conduct in your capacity as a
current or former federal employee or official, representation is provided
if it reasonably appears that such conduct was taken within the scope of
your federal employment. The following representation provisions

constitute the more significant part B's of the Representation Guidelines.

(1) Attorney-Client Communication Privilege

All written or oral communications between yourself and your assigned Justice Department lawyer will be protected by the traditional attorney-client privilege.

(2) Claims Against The United States

Your Justice Department attorney will not assert on your behalf any claim you may have against the United States in this case; nor will he or she assert any claim you might have against other federal employees.

(3) Counterclaims

As a general policy, your Department of Justice attorney can only undertake to defend you. He or she will not assert an affirmative claim on your behalf against the plaintiff or anyone else. If you strongly believe that such a claim should be asserted, your normal recourse would be for you to hire a private attorney at your personal expense to press that claim. In the rare instance when an affirmative claim would further not only your defense, but also the interests of the United States, the Department will consider pressing the claim.

(4) Conflicts With The United States

If there is a legal argument which should be made in your defense, but which conflicts with a legal position taken by the United States, or any of its agencies, in this or another case, your Department of Justice attorney will not make the argument. You will be advised of this fact so that you may assess available options. Correspondingly, should you ever have questions in this regard, you should take the opportunity to discuss them with your assigned Justice Department attorney.

(5) Conflicts With Co-Defendants

If there is a material conflict of interest between you and one of your individually-sued co-defendants, whether factual or legal in nature, your Department of Justice attorney will advise you of this fact so that you may assess available options. Correspondingly, should you ever become aware of such conflicts, you should immediately bring them to the attention of your Justice Department attorney. Normally, in such cases, it will not be possible for your Justice Department lawyer to continue representing you and other co-defendants having mutually conflicting interests.

(6) Defending Co-Defendants

If your Justice Department attorney is representing other defendants in your case in addition to yourself, including the United States or an agency, the Department attorney may elect to press available defenses that could result in the dismissal of a co-defendant before yourself.

(7) Appeals

If the judgment of the court is in your favor and the losing plaintiff appeals, representation will continue throughout the appellate stage in this case. In the event of an adverse judgment against you, the Solicitor General of the United States will determine whether an appeal by your Justice Department attorney would be in the interest of the United States. If not, you will be promptly advised in order to discuss available options.

(8) Retention of Private Counsel

In certain limited circumstances where a Department of Justice attorney can no longer represent you, such as those circumstances discussed in paragraphs (4), (5) and (7), the Department may elect in its discretion to provide you with a private attorney at government expense. You will be so advised if such circumstances arise.

(9) Paying Adverse Judgments

In the event of an adverse money judgment entered against you in this matter, or against you and other individually-sued employees, you may be personally responsible for the payment of the judgment; there is no general right to indemnification from the United States. However, if the United States is a proper defendant and there is a final judgment entered jointly against you and the United States, the United States would pay the judgment. By statute, the United States cannot be held liable for punitive damages (damages awarded to punish a defendant). Therefore, you would be personally responsible in the unlikely event punitive damages are assessed.

In have read the foregoing conditions of Justice Department representation and accept their terms.

(Signature)

(Date)

Exhibit 39.3.1-3 (08-11-2004)

**Letter to Non-Government Defendant**

Re:

Dear

We are informed that you have been sued in your individual capacity for damages in the above-entitled action. Since this matter appears to have arisen as a result of your performance of a contractual undertaking with the Internal Revenue Service (or other reason, as appropriate), you may be eligible to be represented by a Government attorney. That is a matter to be decided by the Department of Justice in the event you seek such legal representation.

If you decide to request representation, the Internal Revenue Service must investigate the matter and make a recommendation to the Department of Justice. The first step in this process is for you to formally request representation, if you desire to do so. Attached is CCDM 39.3.1.7, incorporated by reference into this letter, which states our general policies and instructions in such matters, and which discusses the attorney/client relationship which would arise between you and the Chief Counsel attorneys assigned to investigate the matter if you should request Government representation. Please read the CCDM section in its entirety. Your attention is especially directed to the provisions of section 2(b) and (c) of 39.3.7.

Please be advised that the Government is under no obligation to provide you with legal representation, and that, even if you request such representation and we recommend that it be provided, your request will be denied by the Department of Justice if it determines, in its sole discretion, that the circumstances of this case do not warrant legal representation by the Government. The Justice Department's determination may take some time, and you may be well advised to consult with your own private counsel and to take any steps that may be necessary to protect your interests in this matter, particularly if your answer or response to the complaint in this case is soon due to be filed.

You should also understand that, even if you are provided with Government representation, in the event an adverse money judgment is entered against you, you will be personally responsible for the payment of that judgment.

If you desire to be represented by Government counsel, please sign this letter and return it to this office. If there is anything in this letter or CCDM 39.3.1.7 which is unclear to you, please discuss it with the attorney assigned to this case before you sign and return this letter. The attorney assigned to this case is            , and may be reached at the following telephone number: ( ) - .

Sincerely,

(Associate Chief Counsel (GLS))

By:

Name

Title

Acknowledgment:

I have received a copy of CCDM 39.3.1.7 and I have read it and understand the conditions stated therein concerning my being represented by Government attorneys in the above-entitled action. I accept those conditions and I want to be represented by Government counsel, including Department of Justice attorneys, in this case. I understand that the Government has not yet decided whether such legal representation will be provided to me and that the Government is in no way committed to providing such legal representation unless and until the Department of Justice notifies me in writing that such legal representation will be provided. In making this request, I am aware that I have the option of hiring a private attorney at my own expense to represent me in this case.

Date

Signature

EXHIBIT 14
TIGTA - FTCA
ENTANGLEMENT
WITH
IRS - GLS
AUSA

## OFFICE OF THE TREASURY INSPECTOR GENERAL
## FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

**(700)-100    Litigation**

In all administrative proceedings Treasury Inspector General for Tax Administration (TIGTA) Counsel represents the agency. This representation encompasses both the assertion of claims on behalf of TIGTA (for example, claims for damage to Government property under the Fair Debt Collection Act) as well as defending against claims asserted by third parties (for example, claims for damage by Government employees under the Federal Tort Claims Act). TIGTA Counsel cooperates with the Department of Justice in representing the agency in judicial proceedings. This section sets forth the information and procedures for coordination with Counsel.

**Note: In all litigation described in this section, TIGTA Counsel represents the agency and its interests and not those of any individual employee.**

**100.1    Labor, Employment, Personnel, and Human Resources.**

**100.1.1    Adverse Action and Unacceptable Performance Cases.**

- Federal personnel law vests jurisdiction in the Merit Systems Protection Board (MSPB) for employee challenges to adverse and performance based actions. (See Chapter 752 of the Personnel Policy Handbook for definition and explanation of these terms.) Suspensions of more than 14 calendar days, removals and demotions for misconduct are the most common forms of adverse action. The denial of a within grade increase (WIGI), reduction in grade, or removal for performance based reasons constitute the bases for performance based actions. In an appeal of an adverse action or unacceptable performance case filed by an employee, TIGTA Counsel represents the agency and defends the action taken against the employee. The reasons and specifications set forth in the notice of proposed adverse action and decision letter form the basis of the appeal.

**Note: The TIGTA Penalty Guide contains examples of misconduct that may result in disciplinary or adverse actions.**

- Upon receipt of an employee appeal by the personnel office and referral to Counsel, assignment will be made to an attorney in Counsel's office. This attorney oversees the assembly of the written record, supplementation of the record through discovery, preparation of testimonial evidence, presentation and argument of motions before the MSPB, presentation of evidence at a hearing before the MSPB, appeals or requests for reconsideration to the entire MSPB Board, and all settlement negotiations.

- Adequately representing the agency and preparing all necessary legal documents require prompt coordination and cooperation with the Counsel attorney assigned to represent TIGTA. Most, if not all, of the deadlines communicated by the TIGTA attorney have been ordered by the judge deciding the matter. In MSPB proceedings, the judges' orders often contain very short deadlines for the gathering

07 1585

FILED

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OFFICE OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

of documents and preparation of testimony. Consequently, prompt compliance with the requested periods is essential. The failure to timely furnish the requested information, documents or assistance may result in the loss of an opportunity to fully present the evidence or legal arguments that supports the agency's position in a matter.

- When contacted by the assigned TIGTA attorney, your full and complete cooperation is expected. The TIGTA attorney will work with your managers to make any needed adjustment to your work schedule and other duties to facilitate your assistance as outlined in the preceding paragraph. The attorney may request you to gather documents, provide information, certify responses to discovery, or testify at a hearing in the matter. All of these actions are part of the performance of your official duties. The attorney will also assist you in gathering requested documents and information, will coordinate the effort amongst the different TIGTA functions, and will meet with you to prepare you to testify in the event that you are required to give deposition testimony or testify in a hearing before the MSPB judge.

- The TIGTA attorney assigned to the matter, as the designated representative of the agency, does not represent the interests of any individual and cannot render guidance or advice to the employee against whom the adverse or performance action has been taken.

100.1.2  Discrimination Complaints.
- When an employee, former employee, applicant, third party, or group of employees allege discrimination, the matter proceeds under the statutory Equal Employment Opportunity (EEO) process as outlined in 29 C.F.R. Part 1614 and Treasury Directive 12-41. The complaint process consists of two stages known as the informal and formal stages. Upon the request of a complainant for a hearing by an administrative judge of the Equal Employment Opportunity Commission (EEOC), the matter will be referred by the appropriate Treasury Regional Complaints Center to TIGTA Counsel for the assignment of an attorney to the matter. Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-16 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d), prohibit the discrimination that forms the bases of these complaints.

- Upon Counsel's receipt of a formal complaint of discrimination and request for a hearing, an assignment will be made to an attorney in Counsel's office. This attorney oversees the review of the written record assembled in the investigative file, supplementation of the record through discovery, preparation of testimonial evidence, presentation and argument of motions before the EEOC, presentation of evidence at a hearing before the EEOC, any appeals to the EEOC's Office of Federal Operations, and all settlement negotiations.

OFFICE OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

- Adequately representing the agency and preparing all necessary legal documents require prompt coordination and cooperation with the Counsel attorney assigned to represent TIGTA. Most, if not all, of the deadlines communicated by the TIGTA attorney have been ordered by the judge deciding the matter. In EEOC proceedings the judges' orders sometimes contain very short deadlines for the gathering of documents and preparation of testimony. Consequently, prompt compliance with the requested periods is essential. The failure to timely furnish the requested information, documents or assistance may result in the loss of an opportunity to fully present the evidence or legal arguments that supports the agency's position in a matter.

- When contacted by the assigned TIGTA attorney, your full and complete cooperation is expected. The TIGTA attorney will work with your managers to make any needed adjustment to your work schedule and other duties to facilitate your assistance as outlined in the preceding paragraph. The attorney may request you to gather documents, provide information, certify responses to discovery, or testify at a hearing in the matter. All of these actions are part of the performance of your official duties. The attorney will also assist you in gathering requested documents and information, will coordinate the effort amongst the different TIGTA functions, and will meet with you to prepare you to testify in the event that you are required to give deposition testimony or testify in a hearing before the EEOC judge.

- The TIGTA attorney assigned to the matter, as the designated representative of the agency, does not represent the interests of any individual and cannot render guidance or advice to the complainant asserting the allegation of discrimination.

### 100.1.3   Unfair Labor Practice Proceedings.

- As a law enforcement body placed within the Inspectors General community, all positions within TIGTA are excluded from collective bargaining units by statute. In carrying out its mission of promoting the economy, efficiency and effectiveness in the administration of internal revenue laws and preventing and detecting fraud and abuse in the programs and operations of the IRS and related entities, TIGTA interacts with employees of the IRS belonging to a collective bargaining unit (union). The collective bargaining unit representative (union) may assert that TIGTA acts as the representative of IRS management and, through its actions, has committed an unfair labor practice (ULP) under 5 U.S.C. § 7116. When the union asserts that TIGTA has committed a ULP, it files a charge with the Federal Labor Relations Authority (FLRA). Upon the receipt of a charge by any functional head within TIGTA, the charge should be forwarded to TIGTA Counsel. TIGTA Counsel represents the agency in responding to the charge and defending against any complaint issued by the FLRA as a result of the charge.

OFFICE OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

- Upon receipt of a charge or complaint, assignment will be made to an attorney in Counsel's office. This attorney oversees responding to the charge, gathering any documents and assembling any written record, supplementation of the record through discovery, preparation of testimonial evidence, presentation and argument of motions before the FLRA, presentation of evidence at a hearing before the FLRA, appeals or requests for reconsideration, and all settlement negotiations.

- Adequately representing the agency and preparing all necessary legal documents require prompt coordination and cooperation with the Counsel attorney assigned to represent TIGTA. Most, if not all, of the deadlines communicated by the TIGTA attorney have been ordered by the judge deciding the matter. In FLRA proceedings, the judges' orders contain very short deadlines for the gathering of documents and preparation of testimony. Consequently, prompt compliance with the requested periods is essential. The failure to timely furnish the requested information, documents or assistance may result in the loss of an opportunity to fully present the evidence or legal arguments that supports the agency's position in a matter.

- When contacted by the assigned TIGTA attorney, your full and complete cooperation is expected. The TIGTA attorney will work with you and your managers to make any needed adjustment to your work schedule and other duties to facilitate your assistance as outlined in the preceding paragraph. The attorney may request you to gather documents, provide information, certify responses to discovery, or testify at a hearing in the matter. All of these actions are part of the performance of your official duties. The attorney will also assist you in gathering requested documents and information, will coordinate the effort amongst the different TIGTA functions, and will meet with you to prepare you to testify in the event that you are required to give deposition testimony or testify in a hearing before the FLRA judge.

- The TIGTA attorney assigned to the matter, as the designated representative of the agency, does not represent the interests of any individual and cannot render guidance or advice to the employee or employees alleged to have committed the act or acts forming the basis of the alleged ULP.

## 100.2 Claims Under 28 U.S.C. § 2672 (Federal Tort Claims Act).

### 100.2.1 Introduction.

When Congress enacted the Federal Tort Claims Act (FTCA), it authorized private individuals to sue the government for injuries arising from certain types of negligent or wrongful acts committed by governmental employees acting within the scope of their employment. Before an injured party can file suit, however, he or she must present his or her claim to the appropriate federal agency. The statute then grants the agency six months to investigate and allow, deny, or compromise the claim. If the agency denies the claim or fails to make final disposition of the claim within this period, the claimant may then institute a tort action against the government in United States District Court.

## OFFICE OF THE TREASURY INSPECTOR GENERAL
### FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

This subsection sets forth Office of Chief Counsel's policies and procedures relating to claims for money damages against the United States for injury to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an officer or employee of TIGTA while acting within the scope of his or her office or employment.

100.2.2    Authority.    The authority for this subsection is set forth in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b). 1402(b), 2401(b), and 2671-2680; Department of Justice Regulations (28 C.F.R. Part 14); Treasury Department Regulations (31 C.F.R. Part 3); TIGTA Delegation Order 23; and TIGTA Chief Counsel Delegation Order 1.

100.2.3    Administrative Claim; When Presented; Appropriate Office.    Claimants seeking to assert a claim against TIGTA under the FTCA are encouraged to mail or deliver their claims to the Office of Chief Counsel, Treasury Inspector General for Tax Administration, 1125 15th Street, N.W., Suite 700A, Washington, D.C. 20005. Claimants may also submit their claims to the Inspector General either directly or through TIGTA's field offices. If a claimant elects to file a claim with a field office, that office should record the date of receipt and promptly transmit a copy of the claim to Chief Counsel at the address set forth above.

100.2.4    Administrative Claim, Evidence Or Information To Be Submitted.    Persons asserting claims for personal injury, death, and property damage may be required to furnish specific evidence and information in support of their claims, such as medical records, doctor's reports, hospital bills, death certificates, proof of ownership, and repair estimates. Specific guidance regarding the types of evidence and information required may be found at 28 C.F.R. § 14.4.

100.2.5    Administrative Action.    The administrative review and disposition of an FTCA claim is a cooperative venture requiring the efforts of officials from the Office of Chief Counsel and the organizational unit whose activities gave rise to the tort claim.

100.2.5.1    Designated Tort Claims Officials.    The following persons or their designees are Designated Tort Claims Officials with respect to claims that have arisen or may reasonably be expected to arise as a result of the activities of persons within their organizational units:

## OFFICE OF THE TREASURY INSPECTOR GENERAL
## FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

| Organizational Unit | Official |
|---|---|
| Office of the Inspector General, Executive Directorate | Inspector General |
| Office of Investigations, Headquarters | Deputy Inspector General for Investigations |
| Office of Investigations, Field Divisions | Special Agent in Charge |
| Office of Audit, Headquarters | Deputy Inspector General for Audit |
| Office of Audit, Directorates | Directors |
| Office of Management Services | Assistant Inspector General for Management Services |
| Office of Information Technology | Assistant Inspector General for Information Technology |
| Office of Chief Counsel | Chief Counsel |
| Inspector General Criminal Investigator Academy | Executive Director for the Inspector General Criminal Investigator Academy |

100.2.5.2  <u>Notification.</u>  Upon receipt of an administrative claim under the FTCA or of notice of litigation seeking damages for an alleged negligent act or omission of an employee of TIGTA acting within the scope of his or her employment, the Office of Chief Counsel shall notify the relevant Designated Tort Claims Official and shall provide a copy of the administrative claim or the claim filed in the litigation.

100.2.5.3  <u>Investigation.</u>  Designated Tort Claims Officials are responsible for arranging for the investigation of incidents that have given rise, or can reasonably be expected to give rise, to a claim under the FTCA.  When a non-federal person suffers personal injury or death as a result of TIGTA activities, the Designated Tort Claims Official should contact TIGTA-OI's SAC-SIID.  See (400)-310.3.2.  TIGTA-OI will conduct a formal investigation of the incident and transmit its findings, in ROI form, to the Designated Claims Official and TIGTA's Office of Chief Counsel.

TIGTA-OI does not routinely conduct formal investigations in cases where the only injury alleged is property damage.  See (400)-310.3.4.  In such cases, the organizational unit should conduct the investigation itself.  The organizational unit may request assistance from TIGTA-OI if it lacks sufficient capacity to properly investigate all

OFFICE OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

aspects of the claim. In consultation with TIGTA-OI, an organizational unit may also seek assistance, including investigative or expert medical assistance, from another federal agency. The granting of such assistance may be conditioned upon reimbursement by TIGTA for the expenses of investigation or examination.

100.2.5.4   <u>Administrative Report.</u> Within 30 days of receipt of an administrative claim or litigation, the Designated Tort Claims Official for the relevant organizational unit (as enumerated in ¶ 100.2.5.1, *supra*) must prepare and forward to the Office of Chief Counsel an Administrative Report. The Administrative Report shall be in a narrative form, with attachments, and should include the following information and documents, if applicable:

- A complete description of the events that gave rise to the claim or litigation.

- A specific response to each allegation made in any claim or complaint.

- Any information available regarding the questions of whether the claimant or plaintiff actually suffered the harm alleged in the claim or litigation and what individual or organization caused any harm that appears to have occurred.

- Any information available regarding the damages claimed.

- Any policy reasons that the organizational unit wishes to advance for or against the settlement of the claim or litigation.

- Details of any claims that the United States may have against the claimant or plaintiff, whether or not they appear to be related to the subject matter of the claim or litigation.

- A copy of all documents relevant to the issues involved in the claim or litigation. Original records should not be forwarded to the Office of the Chief Counsel unless specifically requested. They should, however, be preserved and remain available for litigation if necessary.

Designated Tort Claims Officials should ensure that all Administrative Reports are either prepared or reviewed by an official of the organizational unit who was not personally involved in the incident in question prior to the filing of the claim or suit.

100.2.5.5   <u>Litigation.</u>   During the course of any litigation, organizational units are responsible for providing assistance to the Office of Chief Counsel in responding to discovery requests such as interrogatories and requests for production of documents, for providing assistance in analyzing factual and program issues, for providing witnesses for depositions and trials, and for assistance in producing affidavits and exhibits for use in the litigation.

OFFICE OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

100.2.6  Determination of Claims.  Pursuant to TIGTA Delegation Order 23 and Chief Counsel Delegation Order 1, the Deputy Chief Counsel is authorized to approve, disapprove, and compromise tort claims submitted under the provisions of the FTCA. Certain types of claims, however, must be referred to the Department of the Treasury and the Department of Justice for final approval.

100.3  Unauthorized Disclosure Lawsuits.
I.R.C. § 7431 affords a taxpayer the right to sue the United States for damages if a federal employee knowingly, or by reason of negligence, inspects or discloses that taxpayer's return or return information in violation of I.R.C. § 6103. I.R.C. § 7431(a)(1). There is no liability under the statute with respect to an inspection or disclosure resulting from a good faith but erroneous interpretation of I.R.C. § 6103. I.R.C. § 7431(b). Upon a finding of liability the United States must pay the taxpayer the greater of $1,000 for each act of unauthorized inspection or disclosure, or the sum of the plaintiff's actual damages, punitive damages (in the case of willfulness or gross negligence), the costs of suit, and reasonable attorney's fees. The taxpayer must file suit within two years of when she/he knew or should have known about the alleged unauthorized disclosure(s). I.R.C. § 7431(c). For further information, see also, (400)-290.7.

TIGTA Office of Chief Counsel provides the litigation support to the Department of Justice when defending allegations of unauthorized disclosures of returns or return information by TIGTA employees. The Office of Chief Counsel personnel assigned to the case will contact relevant TIGTA function personnel for background information and to secure necessary information for any supporting declarations the Justice Department wants executed by TIGTA personnel in its defense of the case.

100.4  FOIA Lawsuits.
See § 60.5 of this Chapter.

100.5  Privacy Act Lawsuits.
The Privacy Act (PA) gives a requester the right to file suit against TIGTA in federal district court for: refusal to grant a request for access; a final determination not to correct or amend a record; failure to maintain a record with accuracy, relevance, timeliness or completeness; or failure to comply with any other subsection of 5 U.S.C. § 552a. 5 U.S.C. §§ 552a(g)(1)(A)-(g)(1)(D). The PA gives a requester two years in which to file suit. 5 U.S.C. § 552a(g)(5). Remedies, which can include injunctive relief (amendment of or access to records) or compensatory damages, vary depending on the alleged violation. The PA shall not however, be applied, directly or indirectly, to the determination of the existence or possible existence of liability, or of the amount of liability, of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply. I.R.C. § 7852(e).

TIGTA Office of Chief Counsel provides litigation support to the Department of Justice in defending TIGTA in a lawsuit filed under the PA. The Office of Chief Counsel personnel

OFFICE OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

**DATE: 04/01/2003**

- Debts arising in whole or in part on conduct in violation of the antitrust laws or which involve fraud, the presentation of a false claim, or misrepresentation on the part of the debtor or any party having an interest in the debt. Such debts must be referred to the Department of Justice, which may in its discretion return them to the Treasury Department for further handling in accordance with the Joint Regulations.

- Tax debts.

- Debts between or among federal agencies.

- Debts governed by other federal statutes or regulations, such as Title 11 of the United States Code.

This Section also does not apply to offsets made by TIGTA for the purpose of assisting other federal agencies in the collection of debts owed to them. Information regarding TIGTA's role in this process may be found at 31 C.F.R. §§ 5.20 and 5.21.

100.6.4.3 Legal Support. Employees of TIGTA's Office of Chief Counsel are available to provide advice, forms, and assistance regarding all aspects of the debt collection process. The Office of Chief Counsel may be contacted in writing, by e-mail, or over the telephone at the following addresses and telephone numbers:

Office of Chief Counsel
Treasury Inspector General for Tax Administration
IG:CC, Room 700A
1125 15th Street, N.W.
Washington, D.C. 20005

(*e-mail address not available*)

(202) 622-4068 (Voice)
(202) 622-3339 (Facsimile)

100.6.5 Omissions. The failure of TIGTA to comply with any provision in this subsection shall not serve as a defense to the debt.

100.6.6 Phase I - Establishment Of The Debt.

100.6.6.1 Generally. A debt becomes established for purposes of the federal debt collection laws when an "appropriate official of the Federal Government" determines that an "amount of funds or property" is owed to the United States. The identity of the appropriate official, the formality of the determination, and the timing of the establishment will vary according to the facts and circumstances of the particular case, but the existence or non-existence of a valid debt will be apparent in most cases.

EXHIBIT 15
FTCA
PROCEDURES
PURPOSE

# PROCEDURAL ASPECTS OF FILING AND PROCESSING CLAIMS UNDER FTCA AND SPECIAL PROBLEMS RELATING THERETO

## I. REQUIREMENTS FOR ADMINISTRATIVE FILING

### A. Why is There a Requirement?

1. **Effective Date of Requirement.** Formerly permitted only on claims not over $2,500 (28 U.S.C. § 2672, as applicable to claims accruing prior to 18 January 1967).

2. **Administrative Filing Requirement Jurisdictional.** Administrative filing requirement is jurisdictional on all claims accruing after 17 January 1967 before filing suit (28 U.S.C. § 2672, 2675(a), as amended). Three-M Enterprises, Inc. v. U.S., 548 F.2d 293, 1977 U.S. Dist. LEXIS 10562 (10th Cir.); Ferreira v. U.S., 389 F.2d 293, 1968 U.S. App. LEXIS 8426 (9th Cir. 1968); Avril v. U.S., 461 F.2d 1090,1972 U.S. App. LEXIS 9727 (9th Cir. 1972); Caton v. U.S., 495 F.2d 635, 1974 U.S. App. LEXIS 9389 (9th Cir. 1974); Peterson v. U.S., 428 F.2d 368, 1970 U.S. App. LEXIS 8226 (8th Cir. Mo. 1970); Meeker v. U.S., 435 F.2d 1219, 1970 U.S. App. LEXIS 5737 (8th Cir. 1970); Melo v. U.S., 505 F.2d 1026, 1974 U.S. App. LEXIS 6183 (8th Cir. 1974); Best Bearings Co. v. U.S., 463 F.2d 1177, 1972 U.S. App. LEXIS 8982 (7th Cir. 1972); Ianni v. U.S., 457 F.2d 804, 1972 U.S. App. LEXIS 10523 (6th Cir. 1972); Executive Jet Aviation, Inc. v. U.S., 507 F.2d 508, 1974 U.S. App. LEXIS 5671 (6th Cir. 1974); Allen v. U.S., 517 F.2d 1328, 1975 U.S. App. LEXIS 14324 (6th Cir. 1975); Molinar v. U.S., 515 F.2d 246, 1975 U.S. App. LEXIS 13938 (5th Cir. 1975); Bernard v. U.S. Lines, 475 F.2d 1134, 1973 U.S. App. LEXIS 11156 (4th Cir. 1973); Kielwien v. U.S., 540 F.2d 676, 1976 U.S. App. LEXIS 11655 (4th Cir. 1976); Bialowas v. U.S., 443 F.2d 1047, 1971 U.S. App. LEXIS 9865 (3d Cir. 1971) Schwartz v. U.S., 446 F.2D 1380, 1971 U.S. App. LEXIS 8849 (3d Cir. 1971); Rosario v. American Export-Isbrantsen Lines, Inc., 531 F.2d 1227, 1976 U.S. App. LEXIS 12495 (3d Cir. 1976); Commonwealth of Pennsylvania v. National Association of Flood Insurers, 520 F.2d 11, 1975 U.S. App. LEXIS 14211 (3d Cir. 1975); Santiago-Ramirez v. Sec'y of Department of Defense, 984 F.2d 16, 1993 U.S. App. LEXIS 1248 (1st Cir. 1983); Orlando Helicopter Airways v. U.S., 75 F.3d 622, 1996 U.S. App. LEXIS 2403 (11th Cir. 1996); Johnson v. U.S., 788 F.2d 845, 1986 U.S. App. LEXIS 23866 (2d Cir.), cert. denied 479 U.S. 914 (1986) 1986 U.S. App. LEXIS 4375, 55 U.S.L.W. 3277; GAF Corp. v. U.S., 818 F.2d 901, 1987 U.S. App. LEXIS 6047 (D.C. Cir. 1987).

3. **Waiver of Administrative Filing Requirement.** Administrative filing requirement not subject to waiver or avoidance. Claremont Aircraft, Inc. v. U.S., 420 F.2d 896, 1969 U.S. App. Lexis 9953 (9th Cir. 1970); Childers v. U.S., 442 F.2d 1299, 1971 U.S. App. LEXIS 10292 (5th Cir. Tex. 1971). See also Roscoe v. U.S., 83 F.3d 433 (table), 1996 U.S. App. LEXIS 32055, 1996 WL 200384 (10th Cir. 1996) (administrative filing requirement may not be avoided in trespass action by pleading a Bivens action); Weisgal v. Smith, 774 F.2d 1277, 1985 U.S. App. LEXIS 24269 (4th Cir. 1985) (plaintiff may not avoid administrative filing requirement by claiming proposed FTCA count adding U.S as a defendant relates back (see F.R. Civ. P. 15) to original suit commenced solely against prison Warden); Murphy v. West, 945 F. Supp. 874, 1996 U.S. Dist. LEXIS 17265 (D. Md.) (plaintiff cannot avoid exhaustion of administrative remedies by pleading it is a futile requirement); McQuady v. Sec'y of

07 1585

FILED

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Department of Education, Civ. #5:94-CV-542-2(DF) (M.D. Ga., 21 Aug. 1995)(administrative filing requirement can not be avoided by suing Secretary individually).

**4. Purposes of Requirement.** Gives agency opportunity to settle. Relieves court congestion. Avoids unnecessary litigation. Speeds up settlements and reduces the number of stale claims. Legislative history of 1966 Amendment.

**5. Administrative Filing Location.** An administrative claim must be filed with the appropriate Federal agency before filing suit, 28 U.S.C. § 2675(a).

**6. Not Necessary for Compulsory Counterclaim.** Not necessary to file administrative claim where there is a compulsory counter claim. U.S. v. Amtreco, Inc., 790 F. Supp. 1576, 1992 U.S. Dist. LEXIS 1755 (M.D. Ga.) (CERCLA suit against owner-operator re property damage and conversion). See also U.S. v. Martech USA, Inc., 800 F. Supp. 865, 1992 U.S. Dist. LEXIS 14943 (D. Ala.) (suit against operator under Clean Air Act-claim for indemnification and discriminatory enforcement is not compulsory counterclaim). U.S. v. Green, 33 F. Supp. 2d 203, 1998 U.S. Dist. LEXIS 20716 (W.D. N.Y.), counterclaim for Environmental Protection Agency (EPA) tortuous actions in CERCLA suit is not compulsory and administrative claim is required--compulsory counterclaim requires identity of facts with original claim, mutuality of proof and a logical relationship.

**7. Not Necessary for Third Party Practice.** Joinder of U.S. as third party to obtain contribution or indemnity does not require filing of administrative claim prior to suit. Spawr v. U.S., 796 F.2d 279, 1986 U.S. App. LEXIS 27706 (9th Cir. 1986) (no requirement to file administrative claim for true third party claim); Hassan v. Louisiana Department of Transportation & Development, 923 F. Supp. 890, 1996 U.S. Dist. 7050 (W.D. La. 1996) (citing Thompson v. Wheeler, 898 F.2d 406, 1990 U.S. App. LEXIS 3988 (3d Cir. 1990) and Jackson v. Southeastern Penna. Transportation Authority, 727 F. Supp. 965, 1990 U.S. Dist. LEXIS 190 (E.D. Pa.). See also West v. U.S., 592 F.2d 487, 1979 U.S. App. LEXIS 16877 (8th Cir. 1979). U.S. v. Green, 33 F. Supp. 2d 203, 1998 U.S. Dist. LEXIS 20716 (W.D. N.Y.), third party complaint does not lie in action by U.S. for clean-up under CERCLA where respondent alleges that Environmental Protection Agency caused damage during cleaning as original action is based on occurrences prior to clean-up accordingly third complaint is not compulsory as required.

## B. What Must Be Filed?

**1. Written Demand for Sum Certain.** Written demand for sum certain (28 U.S.C. §§ 2401, 2675(b); 28 C.F.R. § 14.2). See, e.g., Danowski v. U.S., 924 F. Supp. 661, 1996 U.S. Dist. LEXIS 8281 (D. N.J.) (single claim form held sufficient to present father's claim for ERISA medical bills where both his name and son's name appears on SF 95 form as claimants, the SF 95 was accompanied with the bills, and government was alerted to subrogated nature of father's claim concerning the bills, even though son was the person hit by Postal truck); Shoemaker v. U.S., 1997 WL 96543 (S.D.N.Y.) allegations against numerous Federal agencies alleging placement of electronic surveillance devices in Plaintiff's home does not constitute a claim because it lacks specificity). Sum certain requirement is jurisdictional. Hamilton v. U.S., 741 F. Supp. 1159 (D.N.J. 1990). Failure to state a sum certain constitutes a fatal defect in the claim. Suarez v. U.S., 2 F.3d 1064 (11th Cir. 1994). See also Coska v. U.S., 114 F.3d 318 (1st Cir. 1997)(failure to state a sum certain despite two requests to do so bars suit); Martinez v. U.S. Postal Service (USPS), 875 F. Supp. 1067 (D.N.J. 1995) (letter

cadet held Feres barred); Wake v. U.S., 89 F.3d 53 (2d Cir. 1996) (inactive reservist who is member of senior Naval ROTC is injured while traveling in a van driven by a U.S. Marine on trip back to college after undergoing pre-commissioning physical--Feres applies); Brown v. U.S., 151 F.3d 800 (8th Cir. 1998), ROTC Cadet-reservist injured in PT training alleges negligent treatment at Army Hospital-Feres barred-cites Wake v. U.S., 89 F.3d at 58-62.

(ee). **Public Health Service.** Scheppan v. U.S., 810 F.2d 461 (4th Cir. 1987) PHS Officer's suit for negligently performed elective surgery at his Hospital is Feres barred; Alexander v. U.S., 500 F.2d (4th Cir. 1974) PHS officer's suit for negligently performed elective surgery at military Hospital is Feres barred.

(ff). **Civilian Employees.** Meister v. Texas Adjutant General's Department, 233 F.3d 332 (6th Cir. 2000) State employee of Texas ARNG files Title VII discrimination and retaliation complaint against NG Officers; case remanded to determine if Mindes factors apply (Mindes v. Seaman). 453 F.2d 197 (9th Cir. 1921) making claim nonjustifiable) not Feres barred). Luckett v. Bure, 290 F.3d 493 (2nd Cir. 2000) Civilian technician loses his job when he is transferred from his unit due to failure to make weight, his FTCA claim is Feres barred and his civil rights claim is nonjusticiable as requirement that technician belong to unit is regulatory.

(gg). **Retired Service Members.** Sweazey v. U.S. ex. rel. Veteran's Administration, 2003 U.S. App. LEXIS 13814 (10th Cir.) Claim for medical malpractice on veterans is based on tort not contract and falls under the FTCA but is not Feres barred; cites Brown v. U.S., 151 F.3d 800 (8th Cir.1998); Quilico v. Kaplan, 749 F.2d 480 (7th Cir. 1984).

# II. PROCESSING OF AN ADMINISTRATIVE CLAIM

## A. When Must Suit be filed?

1. **Suit Optional after Six Months.** Suit permissible at option of claimant any time after 6 months has expired from date of filing proper claim (28 U.S.C. § 2675(a)). McKenith v. U.S., 771 F. Supp. 670 (D. N.J. 1991) (filing of suit after expiration of 6 months from date of filing admin. claim constitutes final action and precludes refiling admin. claim). See also Arigo v. U.S., 980 F.2d 1159 (8th Cir. 1992) (suit filed 8 months after claimant wrote DVA that he was withdrawing claim and filing suit is time barred, since his letter constituted a "final denial"). But see Hyatt v. U.S., 546 F. Supp. 96 (E.D.N.Y. 1997) (where plaintiff first files suit, then files administrative claim which is denied, but does not refile suit, but dies not refile suit, equitable tolling of 6 months is granted since U.S. entered into discovery with plaintiff without raising issue). Richardson v. U.S., Civ. #97-1962 (CKK)(D.D.C., 16 Mar. 2001) Claimant fails to prove he filed administrative claim in 1976; even if he did he must file suit under 28 U.S.C. 2401(a)(1) within six years- Auction Co. v. Federal Deposit Ins. Corp., 141 F.3d 1198 (D.C. Civ. 1998); Brown v. U.S.P.S., 2002 U.S. Dist. LEXIS 5770 (E.D. Pa.) Suit filed one year after denial notice is dismissed, Kampinen v. U.S., 2003 U.S. Dist. Lexis 3777 (N.D. Ill) While plaintiff has option to file suit after six months, her suit filed 22 months after constructive denial was past the statute of limitations and it was frivolous.

2. **Negotiations.** Negotiations may continue indefinitely with claimant provided claim is not finally denied by agency. McAllister v. U.S. by U.S. Department of Agriculture, 925 F.2d

841 (5th Cir. 1991) (no time limit for filing suit if no final agency action); Taumby v. U.S., 902 F.2d 1362 (8th Cir. 1990), vacated and remanded, 919 F.2d 69 (8th Cir. 1990) (failure to file suit within 20 months after filing admin. claim--bars suit on theory of laches). Agency failure to act on claim does not constitute denial and start 6 months running. Stahl v. U.S., 732 F. Supp. 86 (D. Kan. 1990). However, constructive denial permitted in Panama due to effective date of treaty. De Berro v. U.S., 495 F. Supp. 179 (D. Canal Zone 1980).

**3. What is a "Final Denial"?** Term "final denial" includes a final settlement offer. Jerves v. U.S., 96 F.2d 517 (9th Cir. 1992) (settlement offer by U.S. in attempt to negotiate does not constitute final denial and thereby permit suit within 6 months of filing administrative claim); Wiseman v. U.S., 976 F.2d 604 (9th Cir. 1992) (issuing a check for full amount stated on SF 95 does not constitute final action when check returned and reconsideration requested). Plamondon v. U.S. Postal Service by and through the U.S., 1997 WL 724417 (M.D. Fla.) (USPS denies claim even though claimant alleges there was a settlement agreement, no equitable tolling permitted where suit filed 9 months later.

**4. Written Notice of Final Denial.** Written notice of final denial required (28 C.F.R. § 14.9). Boyd v. U.S., 482 F. Supp. 1126 (W.D. Pa. 1980). The written notice itself does not create a cause of action nor must it state explicitly that suit must be filed within 6 months. See Pitts v. U.S., 109 F.3d 822 (1st Cir. 1997) (failing to file within 6 months ground for dismissal despite fact that 6 months paragraph does not say "need to file suit"); Gromo v. U.S. Army Finance Center, Civ. #92-4767 (6EB) (D.N.J. 1993) (use of six months paragraph in FTCA denial letter does not create FTCA cause of action through implication by its use). Denial notice must be sent to claimant's attorney. Graham v. U.S., 96 F.3d 446 (9th Cir. 1996) (suit filed after 6 month period had run is proper, since denial notice was sent to claimant, not her attorney). The cases are split on whether the denial can be sent by regular mail to start the 6 months running. See Royer v. U.S., Civ. #94-2454 RMU (D. D.C., 21 Aug. 1995) (regular mail okay--citing Pipken v. U.S. Postal Service, 951 F.2d 272 (10th Cir. 1991)); McMahon v. Aguilera, Civ. #94-2454 RMU (D. D.C., 21 Aug. 1995) (same as Royer); Johnson v. U.S. v. Airport Baggage Carriers, Inc., 652 F. Supp. 407 (E.D. Va. 1987) (regular mail insufficient even though letter received). Request for reconsideration must be received by agency, which denied claim is received, not mailed, within 6 months. Gervais by and through Bremner v. U.S., 667 F. Supp. 710 (D. Mont. 1987); Anderberg v. U.S., 718 F.2d 976 (10th Cir. 1983). See also Moya v. U.S., 35 F.3d 501 (10th Cir. 1994) (fact that reconsideration request was sent by certified mail does not create presumption that request was received); Solomon v. U.S., 566 F. Supp. 1033 (E.D.N.Y. 1983) (request for explanation of denial did not rise to level of request for reconsideration which would toll 6 month SOL); Polk v. U.S., 709 F. Supp. 1473 (N.D. Iowa 1989) (no proof for reconsideration ever received--suit barred); Stewart v. Department of Veterans Administration, 722 F. Supp. 406 (W.D. Tenn. 1989) (reconsideration request must be received not later than 6 months from denial). Gonzales v. U.S., Civ. #96-2167 (10th Cir. 30 Jan. 1998) (mailing of reconsideration request does not toll 6-month SOL as receipt is not presumed. Flory v. U.S., 138 F.3d 157 (5th Cir. 1998). Final action by USPS sent by regular mail is insufficient to toll 6-months filing period due to requirement of 28 U.S.C. 2401(b) to send notice by certified or registered mail - so held even though claimant actually received notice. Zumazama v. U.S., 1998 WL 560757 (9th Cir. Cal.), applies equitable tolling where Navy unintentionally leads new attorney to believe final denial not previously denied when it had been and attorney missing filing date. Winter v. U.S., Civ. #97-1484 PHX-PGR (D. Az., 18 Mar. 1999), denial notice informed claimant that request for reconsideration must be sent to DVA General Counsel, but

EXHIBIT 16
DEPARTMENT OF JUSTICE
AUSA
FTCA - FORM SF95

*R. BARRY ROBINSON - KAREN MEWIK.
PAT S. GENIS - ELIZABETH KARPATI*

**Department of Justice**      **U.S. ATTORNEYS**      § 14.2

unless good cause is shown for extending the time of review.

**§ 13.6  Criteria for reward.**

(a) Information provided by any person to the United States for a reward under the Atomic Weapons and Special Nuclear Materials Rewards Act must be original, and must concern the unlawful:

(1) Introduction, manufacture or acquisition, or

(2) Attempted introduction, manufacture or acquisition of, or

(3) Export or attempt to export, or

(4) Conspiracy to introduce, manufacture, acquire or export special nuclear material or atomic weapons, or

(5) Loss, diversion or disposal or special nuclear material or atomic weapons.

(b) The amount of the reward shall depend on:

(1) The amount of the material recovered or potentially recoverable, and the role the information played in the recovery, and

(2) The danger the material posed or poses to the common defense and security or public health and welfare, and

(3) The difficulty in ascertaining the information submitted to claim the reward, and the quality of the information, and

(4) Any other considerations which the Attorney General or the intra-departmental committee deems necessary or helpful to the individual determination.

**§ 13.7  Judicial review.**

The decision of the Attorney General is final and conclusive and no court shall have power or jurisdiction to review it.

**PART 14—ADMINISTRATIVE CLAIMS UNDER FEDERAL TORT CLAIMS ACT**

Sec.
14.1  Scope of regulations.
14.2  Administrative claim; when presented.
14.3  Administrative claim; who may file.
14.4  Administrative claims; evidence and information to be submitted.
14.5  Review by legal officers.
14.6  Dispute resolution techniques and limitations on agency authority.
14.7  [Reserved]
14.8  Investigation and examination.
14.9  Final denial of claim.
14.10  Action on approved claims.
14.11  Supplementing regulations.
APPENDIX TO PART 14—DELEGATIONS OF SETTLEMENT AUTHORITY

AUTHORITY: 5 U.S.C. 301; 28 U.S.C. 509, 510, 2672; 38 U.S.C. 224(a).

SOURCE: Order No. 371-66, 31 FR 16616, Dec. 29, 1966, unless otherwise noted.

**§ 14.1  Scope of regulations.**

These regulations shall apply only to claims asserted under the Federal Tort Claims Act. The terms *Federal agency* and *agency*, as used in this part, include the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States but do not include any contractor with the United States.

[Order No. 960-81, 46 FR 52356, Oct. 27, 1981]

**§ 14.2  Administrative claims; when presented.**

(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

(b)(1) A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by

**07 1585**

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**§ 14.3**   U.S.ATTORNEYS   **28 CFR Ch. I (7-1-01 Edition)**

28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

(2) When more than one Federal agency is or may be involved in the events giving rise to the claim, an agency with which the claim is filed shall contact all other affected agencies in order to designate the single agency which will thereafter investigate and decide the merits of the claim. In the event that an agreed upon designation cannot be made by the affected agencies, the Department of Justice shall be consulted and will thereafter designate an agency to investigate and decide the merits of the claim. Once a determination has been made, the designated agency shall notify the claimant that all future correspondence concerning the claim shall be directed to that Federal agency. All involved Federal agencies may agree either to conduct their own administrative reviews and to coordinate the results or to have the investigations conducted by the designated Federal agency, but, in either event, the designated Federal agency will be responsible for the final determination of the claim.

(3) A claimant presenting a claim arising from an incident to more than one agency should identify each agency to which the claim is submitted at the time each claim is presented. Where a claim arising from an incident is presented to more than one Federal agency without any indication that more than one agency is involved, and any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. 2401(b). However, if a second involved Federal agency subsequently desires to take further action with a view towards settling the claim the second Federal agency may treat the matter as a request for reconsideration of the final denial under 28 CFR 14.9(b), unless suit has been filed in the interim, and so advise the claimant.

(4) If, after an agency final denial, the claimant files a claim arising out of the same incident with a different Federal agency, the new submission of the claim will not toll the requirement

of 28 U.S.C. 2401(b) that suit must be filed within six months of the final denial by the first agency, unless the second agency specifically and explicitly treats the second submission as a request for reconsideration under 28 CFR 14.9(b) and so advises the claimant.

(c) A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

[Order No. 870-79, 45 FR 2650, Jan. 14, 1980, as amended by Order No. 960-81, 46 FR 52355, Oct. 27, 1981; Order No. 1179-87, 52 FR 7411, Mar. 11, 1987]

**§ 14.3   Administrative claim; who may file.**

(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent or legal representative.

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

[Order No. 371-66, 31 FR 16616, Dec. 29, 1966, as amended by Order No. 1179-87, 52 FR 7412, Mar. 11, 1987]

**Department of Justice**

### § 14.4 Administrative claims; evidence and information to be submitted.

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:

(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.

(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.

(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.

(5) Decedent's general physical and mental condition before death.

(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.

(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Fed-

eral agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:

(1) Proof of ownership.

(2) A detailed statement of the amount claimed with respect to each item of property.

(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.

(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.

(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

*LEGAL OFFICER REVIEW*

§ 14.5

### § 14.5 Review by legal officers.

The authority to adjust, determine, compromise, and settle a claim under the provisions of section 2672 of title 28, United States Code, shall, if the amount of a proposed compromise, settlement, or award exceeds $5,000, be exercised by the head of an agency or his designee only after review by a legal officer of the agency.

[Order No. 371–66, 31 FR 16616, Dec. 29, 1966, as amended by Order No. 757–77, 42 FR 62001, Dec. 8, 1977; Order No. 960–81, 46 FR 52355, Oct. 27, 1981]

### § 14.6 Dispute resolution techniques and limitations on agency authority.

(a) *Guidance regarding dispute resolution.* The administrative process established pursuant to 28 U.S.C. 2672 and this part 14 is intended to serve as an efficient effective forum for rapidly resolving tort claims with low costs to all participants. This guidance is provided to agencies to improve their use of this administrative process and to maximize the benefit achieved through application of prompt, fair, and efficient techniques that achieve an informal resolution of administrative tort claims without burdening claimants or the agency. This section provides guidance to agencies only and does not create or establish any right to enforce any provision of this part on behalf of any claimant against the United States, its agencies, its officers, or any other person. This section also does not require any agency to use any dispute resolution technique or process.

(1) Whenever feasible, administrative claims should be resolved through informal discussions, negotiations, and settlements rather than through the use of any formal or structured process. At the same time, agency personnel processing administrative tort claims should be trained in dispute resolution techniques and skills that can contribute to the prompt, fair, and efficient resolution of administrative claims.

(2) An agency may resolve disputed factual questions regarding claims against the United States under the FTCA, including 28 U.S.C. 2671–2680, through the use of any alternative dispute resolution technique or process if the agency specifically agrees to employ the technique or process, and reserves to itself the discretion to accept or reject the determinations made through the use of such technique or process.

(3) Alternative dispute resolution techniques or processes should not be adopted arbitrarily but rather should be based upon a determination that use of a particular technique is warranted in the context of a particular claim or claims, and that such use will materially contribute to the prompt, fair, and efficient resolution of the claims. If alternative dispute resolution techniques will not materially contribute to the prompt, fair, and efficient resolution of claims, the dispute resolution processes otherwise used pursuant to these regulations shall be the preferred means of seeking resolution of such claims.

(b) *Alternative dispute resolution*—(1) *Case-by-case.* In order to use, and before using, any alternative dispute resolution technique or process to facilitate the prompt resolution of disputes that are in excess of the agency's delegated authority, an agency may use the following procedure to obtain written approval from the Attorney General, or his or her designee, to compromise a claim or series of related claims.

(i) A request for settlement authority under paragraph (b)(1) of this section shall be directed to the Director, Torts Branch, Civil Division, Department of Justice, ("Director") and shall contain information justifying the request, including:

(A) The basis for concluding that liability exists under the FTCA;

(B) A description of the proposed alternative dispute resolution technique or process and a statement regarding why this proposed form of alternative dispute resolution is suitable for the claim or claims;

(C) A statement reflecting the claimant's or claimants' consent to use of the proposed form of alternative dispute resolution, indicating the proportion of any additional cost to the United States from use of the proposed alternative dispute resolution technique or process that shall be borne by

**Department of Justice**  **DOI**                                    **§ 14.6**

the claimant or claimants, and specifying the manner and timing of payment of that proportion to be borne by the claimant or claimants;

(D) A statement of how the requested action would facilitate use of an alternative dispute resolution technique or process;

(E) An explanation of the extent to which the decision rendered in the alternative dispute resolution proceeding would be made binding upon claimants; and,

(F) An estimate of the potential range of possible settlements resulting from use of the proposed alternative dispute resolution technique.

(ii) The Director shall forward a request for expedited settlement action under paragraph (b)(1)(i) of this section, along with the Director's recommendation as to what action should be taken, to the Department of Justice official who has authority to authorize settlement of the claim or related claims. If that official approves the request, a written authorization shall be promptly forwarded to the requesting agency.

(2) *Delegation of authority.* Pursuant to, and within the limits of, 28 U.S.C. 2672, the head of an agency or his or her designee may request delegations of authority to make any award, compromise, or settlement without the prior written approval of the Attorney General or his or her designee in excess of the agency's authority. In considering whether to delegate authority pursuant to 28 U.S.C. 2672 in excess of previous authority conferred upon the agency, consideration shall be given to:

(i) The extent to which the agency has established an office whose responsibilities expressly include the administrative resolution of claims presented pursuant to the Federal Tort Claims Act;

(ii) The agency's experience with the resolution of administrative claims presented pursuant to 28 U.S.C. 2672;

(iii) The Department of Justice's experiences with regard to administrative resolution of tort claims arising out of the agency's activities.

(c) *Monetary authority.* An award, compromise, or settlement of a claim by an agency under 28 U.S.C. 2672, in excess of $25,000 or in excess of the au-

thority delegated to the agency by the Attorney General pursuant to 28 U.S.C. 2672, whichever is greater, shall be effected only with the prior written approval of the Attorney General or his or her designee. For purposes of this paragraph, a principal claim and any derivative or subrogated claim shall be treated as a single claim.

(d) *Limitations on settlement authority*—(1) *Policy.* An administrative claim may be adjusted, determined, compromised, or settled by an agency under 28 U.S.C. 2672 only after consultation with the Department of Justice when, in the opinion of the agency:

(i) A new precedent or a new point of law is involved; or

(ii) A question of policy is or may be involved; or

(iii) The United States is or may be entitled to indemnity or contribution from a third party and the agency is unable to adjust the third party claim; or

(iv) The compromise of a particular claim, as a practical matter, will or may control the disposition of a related claim in which the amount to be paid may exceed $25,000 or may exceed the authority delegated to the agency by the Attorney General pursuant to 28 U.S.C. 2672, whichever is greater.

(2) *Litigation arising from the same incident.* An administrative claim may be adjusted, determined, compromised, or settled by an agency under 28 U.S.C. 2672 only after consultation with the Department of Justice when the agency is informed or is otherwise aware that the United States or an employee, agent, or cost-plus contractor of the United States is involved in litigation based on a claim arising out of the same incident or transaction.

(e) *Procedure.* When Department of Justice approval or consultation is required, or the advice of the Department of Justice is otherwise to be requested, under this section, the written referral or request of the Federal agency shall be directed to the Director at any time after presentment of a claim to the Federal agency, and shall contain:

(1) A short and concise statement of the facts and of the reasons for the referral or request;

(2) Copies of relevant portions of the agency's claim file; and

# SUPPLEMENTING REGULATIONS

## § 14.7

(3) A statement of the recommendations or views of the agency.

[Order No. 1591–92, 57 FR 21735, May 22, 1992]

### § 14.7 [Reserved]

### § 14.8 Investigation and examination.

A Federal agency may request any other Federal agency to investigate a claim filed under section 2672, title 28, U.S. Code, or to conduct a physical examination of a claimant and provide a report of the physical examination. Compliance with such requests may be conditioned by a Federal agency upon reimbursement by the requesting agency of the expense of investigation or examination where reimbursement is authorized, as well as where it is required, by statute or regulation.

### § 14.9 Final denial of claim.

(a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

(b) Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.

[Order No. 371–66, 31 FR 16616, Dec. 29, 1966, as amended by Order No. 122–69, 35 FR 315, Jan. 8, 1970]

### § 14.10 Action on approved claims.

(a) Any award, compromise, or settlement in an amount of $2,500 or less made pursuant to 28 U.S.C. 2672 shall be paid by the head of the Federal agency concerned out of the appropriations available to that agency. Payment of an award, compromise, or settlement in excess of $2,500 shall be obtained by the agency by forwarding Standard Form 1145 to the Claims Division, General Accounting Office. When an award is in excess of $25,000, or in excess of the authority delegated to the agency by the Attorney General pursuant to 28 U.S.C. 2672, whichever is greater, Standard Form 1145 must be accompanied by evidence that the award, compromise, or settlement has been approved by the Attorney General or his designee. When the use of Standard Form 1145 is required, it shall be executed by the claimant, or it shall be accompanied by either a claims settlement agreement or a Standard Form 95 executed by the claimant. When a claimant is represented by an attorney, the voucher for payment shall designate both the claimant and his attorney as payees; the check shall be delivered to the attorney, whose address shall appear on the voucher.

(b) Acceptance by the claimant, his agent, or legal representative, of any award, compromise or settlement made pursuant to the provisions of section 2672 or 2677 of title 28, United States Code, shall be final and conclusive on the claimant, his agent or legal representative and any other person on whose behalf or for whose benefit the claim has been presented, and shall constitute a complete release of any claim against the United States and against any employee of the Government whose act or omission gave rise to the claim, by reason of the same subject matter.

[Order No. 371–66, 31 FR 16616, Dec. 29, 1966, as amended by Order No. 834–79, 44 FR 33399, June 11, 1979; Order No. 1591–92, 57 FR 21740, May 22, 1992]

### § 14.11 Supplementing regulations.

Each agency is authorized to issue regulations and establish procedures consistent with the regulations in this part.

Department of Justice    U.S. ATTORNEYS    Pt. 14, App.

APPENDIX TO PART 14—DELEGATIONS OF
SETTLEMENT AUTHORITY

DELEGATION OF AUTHORITY TO THE SECRETARY
OF VETERANS AFFAIRS

### Section 1. AUTHORITY TO COMPROMISE TORT CLAIMS.

(a) The Secretary of Veterans Affairs shall have the authority to adjust, determine, compromise and settle a claim involving the United States Department of Veterans Affairs under section 2672 of title 28, United States Code, relating to the administrative settlement of federal tort claims, if the amount of the proposed adjustment, compromise, or award does not exceed $200,000. When the Secretary of Veterans Affairs believes a claim pending before him presents a novel question of law or of policy, he shall obtain the advice of the Assistant Attorney General in charge of the Civil Division.

(b) The Secretary of Veterans Affairs may redelegate in writing the settlement authority delegated to him under this section.

### Section 2. MEMORANDUM.

Whenever the Secretary of Veterans Affairs settles any administrative claim pursuant to the authority granted by section 1 for an amount in excess of $100,000 and within the amount delegated to him under section 1, a memorandum fully explaining the basis for the action taken shall be executed. A copy of this memorandum shall be sent to the Director, FTC Staff, Torts Branch of the Civil Division.

DELEGATION OF AUTHORITY TO THE
POSTMASTER GENERAL

### Section 1. AUTHORITY TO COMPROMISE TORT CLAIMS.

(a) The Postmaster General shall have the authority to adjust, determine, compromise and settle a claim involving the Postal Service under section 2672 of title 28, United States Code, relating to the administrative settlement of federal tort claims, if the amount of the proposed adjustment, compromise, or award does not exceed $200,000. When the Postmaster General believes a claim pending before him presents a novel question of law or of policy, he shall obtain the advice of the Assistant Attorney General in charge of the Civil Division.

(b) The Postmaster General may redelegate in writing the settlement authority delegated to him under this section.

### Section 2. MEMORANDUM.

Whenever the Postmaster General settles any administrative claim pursuant to the authority granted by section 1 for an amount in excess of $100,000 and within the amount delegated to him under section 1, a memo-

randum fully explaining the basis for the action taken shall be executed. A copy of this memorandum shall be sent to the Director, FTCA Staff, Torts Branch of the Civil Division.

DELEGATION OF AUTHORITY TO THE SECRETARY
OF DEFENSE

### Section 1. AUTHORITY TO COMPROMISE TORT CLAIMS.

(a) The Secretary of Defense shall have the authority to adjust, determine, compromise and settle a claim involving the United States Department of Defense under section 2672 of title 28, United States Code, relating to the administrative settlement of federal tort claims, if the amount of the proposed adjustment, compromise, or award does not exceed $200,000. When the Secretary of Defense believes a claim pending before him presents a novel question of law or of policy, he shall obtain the advice of the Assistant Attorney General in charge of the Civil Division.

(b) The Secretary of Defense may redelegate in writing the settlement authority delegated to him under this section.

### Section 2. MEMORANDUM.

Whenever the Secretary of Defense settles any administrative claim pursuant to the authority granted by section 1 for an amount in excess of $100,000 and within the amount delegated to him under section 1, a memorandum fully explaining the basis for the action taken shall be executed. A copy of this memorandum shall be sent to the Director, FTCA Staff, Torts Branch of the Civil Division.

DELEGATION OF AUTHORITY TO THE SECRETARY
OF TRANSPORTATION

### Section 1. AUTHORITY TO COMPROMISE TORT CLAIMS.

(a) The Secretary of Transportation shall have the authority to adjust, determine, compromise and settle a claim involving the United States Department of Transportation under section 2672 of title 28, United States Code, relating to the administrative settlement of federal tort claims, if the amount of the proposed adjustment, compromise, or award does not exceed $100,000. When the Secretary of Transportation believes a claim pending before him presents a novel question of law or of policy, he shall obtain the advice of the Assistant Attorney General in charge of the Civil Division.

(b) The Secretary of Transportation may redelegate in writing the settlement authority delegated to him under this section.

EXHIBIT 17

HUD - FTCA

CULPEPPER

KATZ

ROBINSON

Case 1:07-cv-01585-RBW    Document 1-20    Filed 09/06/2007    Page 2 of 6

MIDIARA CULPEPPER - HUD

**Office of the Secretary, HUD** ✔ HUD                                    Pt. 17

material that may be used for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or Federal contracts, the release of which would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence. Therefore, to the extent that information in this system falls within the coverage of subsection (k)(5) of the Privacy Act, 5 U.S.C. 552a(k)(5), the system is exempt from the requirements of the following subsection of the Privacy Act, for the reasons stated below.

(1) From subsection (d)(1) because release would reveal the identity of a source who furnished information to the Government under an express promise of confidentiality. Revealing the identity of a confidential source could impede future cooperation by sources, and could result in harassment or harm to such sources.

[42 FR 49810, Sept. 28, 1977, as amended at 59 FR 9407, Feb. 28, 1994]

## PART 17—ADMINISTRATIVE CLAIMS

### Subpart A—Claims Against Government Under Federal Tort Claims Act

GENERAL PROVISIONS

Sec.
17.1  Scope; definitions.

PROCEDURES

17.2  Administrative claim; when presented; appropriate HUD office.
17.3  Administrative claim; who may file.
17.4  Administrative claim; evidence and information to be submitted.
17.5  Investigations.
17.6  Claims investigation.
17.7  Authority to adjust, determine, compromise, and settle claims.
17.8  Limitations on authority.
17.9  Referral to Department of Justice.
17.11  Final denial of claim.
17.12  Action on approved claim.

### Subpart B—Claims Under the Military Personnel and Civilian Employees Claims Act of 1964

17.40  Scope and purpose.
17.41  Claimants.
17.42  Time limitations.
17.43  Allowable claims.
17.44  Restrictions on certain claims.
17.45  Unallowable claims.
17.46  Claims involving carriers or insurers.
17.47  Settlement of claims.
17.48  Computation of amount of award.
17.49  Attorney's fees.
17.50  Claims procedures.

### Subpart C—Procedures for the Collection of Claims by the Government

GENERAL PROVISIONS

17.60  Scope and definitions.
17.61  Incorporation of joint standards by reference.
17.62  Subdivision and joining of claims.
17.63  Authority of offices to attempt collection of claims.
17.64  Referral of claims to the Assistant Secretary for Administration.
17.65  Authority of offices to compromise claims or suspend or terminate collection action.
17.66  Department claims officer.
17.67  Claims files.
17.68  Monthly report of collection action.
17.69  Accounting control.
17.70  Record retention.
17.71  Suspension or revocation of eligibility.
17.72  Methods of collection and imposition of late charges.
17.73  Standards for compromise of claims.
17.74  Standards for suspension or termination of collection action.
17.75  Referral to GAO or Justice Department.
17.76  Disclosure to a consumer reporting agency.
17.77  Contracts for collection services.

ADMINISTRATIVE OFFSET PROVISIONS

17.100  Scope.
17.101  Coordinating administrative offset with another Federal agency.
17.102  Notice requirements before offset.
17.103  Exceptions to notice requirements.
17.104  Review within the Department of a determination of indebtedness.
17.105  Review of departmental records related to the debt.
17.106  Written agreement to repay debt as alternative to administrative offset.
17.107  Stay of offset.
17.108  Types of review.
17.109  Review procedures.
17.110  Determination of indebtedness and appeal from determination.
17.111  Procedures for administrative offset: single debt.
17.112  Procedures for administrative offset: multiple debts.
17.113  Procedures for administrative offset: interagency cooperation.
17.114  Procedures for administrative offset: time limitation.
17.115  Procedures for administrative offset: offset against amounts payable from

07 1585

FILED
SEP - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Service Retirement and Disability Fund.

17.116   Procedures for administrative offset: offset of debtor's judgment against the United States.
17.117   Procedures for administrative offset: imposition of interest.
17.118   Miscellaneous provisions: correspondence with the Department.

SALARY OFFSET PROVISIONS

17.125   Scope.
17.126   Coordinating offset with another Federal agency.
17.127   Determination of indebtedness.
17.128   Notice requirements before offset.
17.129   Request for a hearing.
17.130   Result if employee fails to meet deadlines.
17.131   Written decision following a hearing.
17.132   Review of departmental records related to the debt.
17.133   Written agreement to repay debt as alternative to salary offset.
17.134   Procedures for salary offset: when deductions may begin.
17.135   Procedures for salary offset: types of collection.
17.136   Procedures for salary offset: methods of collection.
17.137   Procedures for salary offset: imposition of interest.
17.138   Non-waiver of rights.
17.139   Refunds.
17.140   Miscellaneous provisions: correspondence with the Department.

IRS TAX REFUND AND FEDERAL PAYMENT OFFSET PROVISIONS AND ADMINISTRATIVE WAGE GARNISHMENT

17.150   Scope.
17.151   Notice requirements before offset.
17.152   Review within the Department of a determination that an amount is past-due and legally enforceable.
17.153   Determination of the Administrative Judge.
17.154   Postponements, withdrawals and extensions of time.
17.155   Review of departmental records related to the debt.
17.156   Stay of offset.
17.157   Application of offset funds: Single debt.
17.158   Application of offset funds: Multiple debts.
17.159   Application of offset funds: Federal payment is insufficient to cover amount of debt.
17.160   Time limitation for notifying the Department of the Treasury to request offset of Federal payments due.
17.161   Correspondence with the Department.

ADMINISTRATIVE WAGE GARNISHMENT

17.170   Administrative wage garnishment.

AUTHORITY: 28 U.S.C. 2672; 31 U.S.C. 3711, 3716–18, 3721, and 5 U.S.C. 5514; 42 U.S.C. 3535(d).

## Subpart A—Claims Against Government Under Federal Tort Claims Act *HUD*

AUTHORITY: 5 U.S.C. 5514; 28 U.S.C. 2672; 31 U.S.C. 3711, 3716–3718, 3721; 42 U.S.C. 3535(d).

SOURCE: 36 FR 24427, Dec. 22, 1971, unless otherwise noted.

GENERAL PROVISIONS

### § 17.1   Scope; definitions.

(a) This subpart applies to claims asserted under the Federal Tort Claims Act, as amended, accruing on or after January 18, 1967, for money damages against the United States for injury to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an officer or employee of the Department while acting within the scope of his office or employment.

(b) This subpart is issued subject to and consistent with applicable regulations on administrative claims under the Federal Tort Claims Act issued by the Attorney General (31 FR 16616; 28 CFR part 14).

(c) The terms *Department* and *Organizational unit* are defined in 24 CFR part 5.

[36 FR 24427, Dec. 22, 1971, as amended at 61 FR 5204, Feb. 9, 1996]

PROCEDURES

### § 17.2   Administrative claim; when presented; appropriate HUD office.

(a) For purposes of this subpart, a claim shall be deemed to have been presented when the Department receives, at a place designated in paragraph (b) of this section, an executed *Claim for Damages or Injury*, Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, for personal injury, or for death alleged to have occurred by reason of the incident. A claim which should have been presented to the Department, but which was mistakenly addressed to or filed with another Federal agency, is

deemed to be presented to the Department as of the date that the claim is received by the Department. If a claim is mistakenly addressed to or filed with the Department, the Department shall forthwith transfer it to the appropriate Federal agency, if ascertainable, or return it to the claimant.

(b) A claimant shall mail or deliver his claim to the office of employment of the Department employee or employees whose negligent or wrongful act or omission is alleged to have caused the loss or injury complained of. Where such office of employment is the Department Central Office in Washington, or is not reasonably known and not reasonably ascertainable, claimant shall file his claim with the Assistant Secretary for Administration, Department of Housing and Urban Development, 451 Seventh Street SW., Washington, DC 20410. In all other cases, claimant shall address his claim to the head of the appropriate office, the address of which will generally be found listed in the local telephone directory.

**§ 17.3  Administrative claim; who may file.**

(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent, or his legal representative.

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or his legal representative.

(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the insurer or the insured individually, as their respective interests appear, or jointly. Whenever an insurer presents a claim asserting the rights of a subrogee, he shall present with his claim appropriate evidence that he has the rights of a subrogee.

(e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

**§ 17.4  Administrative claim; evidence and information to be submitted.**

(a) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed or designated by the Department or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this subparagraph and has made or agrees to make available to the Department any other physician's report previously or thereafter made of the physical or mental condition which is the subject matter of his claim;

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses;

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment;

(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full- or part-time employee, and wages or salary actually lost;

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amount of earnings actually lost;

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(b) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:

(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent;

(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation;

(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death;

(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death;

(5) Decedent's general physical and mental condition before death;

(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses;

(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death;

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:

(1) Proof of ownership;

(2) A detailed statement of the amount claimed with respect to each item of property;

(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs;

(4) A statement listing date of purchase, purchase price, and salvage value where repair is not economical;

(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

§ 17.5  Investigations.

The Department may investigate, or may request any other Federal agency to investigate, a claim filed under this subpart.

§ 17.6  Claims investigation.  *HUD*

(a) When a claim has been filed with the Department, the head of the organizational unit concerned or his designee shall designate one employee in that unit who shall act as, and who shall be referred to herein as, the Claims Investigating Officer for that particular claim. When a claim is received by the head of an organizational unit to which this subpart applies, it shall be forwarded with or without comment to the designated Claims Investigating Officer, who shall:

(1) Investigate as completely as is practicable the nature and circumstances of the occurrence causing the loss or damage of the claimant's property;

(2) Ascertain the extent of loss or damage to the claimant's property;

(3) Assemble the necessary forms with required data contained therein;

(4) Prepare a brief statement setting forth the facts relative to the claim, a statement whether the claim satisfies the requirements of this subpart, and a recommendation as to the amount to be paid in settlement of the claim;

(5) Submit such forms, statements, and all necessary supporting papers to the head of the organizational unit having jurisdiction over the employee involved, who will be responsible for assuring that all necessary data has been obtained for the file. The head of the organizational unit will transmit the entire file to the General Counsel.

**Office of the Secretary, HUD**  ✔   *HUD*  § 17.12

### § 17.7  Authority to adjust, determine, compromise, and settle claims.

The General Counsel, the Deputy General Counsel, and such employees of the Office of the General Counsel as may be designated by the General Counsel, are authorized to consider, ascertain, adjust, determine, compromise, and settle claims pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, and the regulations contained in 28 CFR part 14 and in this subpart.

### § 17.8  Limitations on authority.

(a) An award, compromise, or settlement of a claim under section 2672 of Title 28, United States Code, and this subpart in excess of $25,000 may be effected only with the prior written approval of the Attorney General or his designee. For the purpose of this paragraph, a principal claim and any derivative or subrogated claim shall be treated as a single claim.

(b) An administrative claim may be adjusted, determined, compromised, or settled only after consultation with the Department of Justice when, in the opinion of the General Counsel or his designee:

(1) A new precedent or a new point of law is involved; or

(2) A question of policy is or may be involved; or

(3) The United States is or may be entitled to indemnity or contribution from a third party, and the Department is unable to adjust the third party claim; or

(4) The compromise of a particular claim, as a practical matter, will or may control the disposition of a related claim in which the amount to be paid may exceed $25,000.

(c) An administrative claim may be adjusted, determined, compromised, or settled only after consultation with the Department of Justice when the Department is informed or is otherwise aware that the United States or an officer, employee, agent, or cost-type contractor of the United States is involved in litigation based on a claim arising out of the same incident or transaction.

### § 17.9  Referral to Department of Justice.

When Department of Justice approval or consultation is required under § 17.8, the referral or request shall be transmitted to the Department of Justice by the General Counsel of the Department or his designee.

### § 17.11  Final denial of claim.

Final denial of an administrative claim shall be in writing, and notification of denial shall be sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the Department action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

### § 17.12  Action on approved claim.

(a) Payment of a claim approved under this subpart is contingent on claimant's execution of: (1) A *Claim for Damage or Injury*, Standard Form 95; (2) a claims settlement agreement; and (3) a *Voucher for Payment*, Standard Form 1145, as appropriate. When a claimant is represented by an attorney, the voucher for payment shall designate both the claimant and his attorney as payees, and the check shall be delivered to the attorney, whose address shall appear on the voucher.

(b) Acceptance by the claimant, his agent, or legal representative of an award, compromise, or settlement made under section 2672 or 2677 of Title 28, United States Code, is final and conclusive on the claimant, his agent or legal representative, and any other person on whose behalf or for whose benefit the claim has been presented, and constitutes a complete release of any claim against the United States and against any officer or employee of the Government whose act or omission gave rise to the claim, by reason of the same subject matter.

EXHIBIT 18
AGENCY REPORTING
REQUIREMENT
TO
U.S. ATTORNEYS

WHAT DID KRCHA REPORT?

## UNASSERTED CLAIMS AND ASSESSMENTS

### AGENCY/COMPONENT: _IRS_

**AGENCY'S MATERIALITY LEVEL FOR REPORTING:** _TIGTA_
*(This is your agency threshold for materiality)* _AUSA_

1.   **Name of Matter.** *(Include name by which the matter is commonly known.)*
     *MARY-ELLIN KRCLTA*

2.   **Nature of the Matter.** *(Include a description of the matter.)*

3.   **The Government's Planned Response** *(if the claim is asserted).*
     *DENY-LIE -CONCEAL*

4.   **An Evaluation of the likelihood of Unfavorable Outcome.** *(Choose one.)*

     _____   PROBABLE (An unfavorable outcome is likely to occur.)

     _____   REASONABLY POSSIBLE (The chance of an unfavorable outcome is less than
                probable but more than remote.)

5.   **An Estimate of the Amount or Range of Potential Loss.** *(For probable and reasonably*
     *possible* <u>*complete one.*</u>)

     Estimated amount of potential loss:          $_____

     Estimated range of potential loss:           $_____ - $_____

     Estimated amount or range of potential loss is unknown:    ____

6.   **The Name and Phone Number of the Agency and DOJ Attorneys Handling the Case** 07 1585
     *(Also include any outside legal counsel/other lawyers representing or advising the*
     *government in the matter).*
     *R. BARRY ROBINSON   KAREN MELNIK*

7.   **The Sequence Number** *(Based on the total number of Unasserted Claims and Assessments*
     *your agency/component is submitting.  e.g. Number ___ of ____).*
     *PAT S. GENIS*          (#)    (total)

**FILED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attorney-Client Agency Work Product Privilege

**PENDING OR THREATENED LITIGATION**

**AGENCY/COMPONENT:** _____ *IRS*

**AGENCY'S MATERIALITY LEVEL FOR REPORTING:** _____ *TIGTA*
*(This is your agency threshold for materiality)* *AUSA*

1. **Case Name.** *(Include Case Citation, Case Number, and other names by which the case or group of cases is commonly known.)* *1: 06 CV 0158 RCC*
   *1: 06 CV 0096 7CY*

2. **Nature of Matter.** *(Include a description of the case or cases and amount claimed, if specified.)* *1: 07 CV 01538 WGY*
   *4: 06 CV 01399*

3. ✓ **Progress of the Case to Date.**
   *DISMISSALS — SUMMARY JUDGMENT*

4. **The Government=s Response or Planned Response.** *(For example, to contest the case vigorously or to seek an out-of-court settlement.)*
   *PISS ON BUESGENS*

5. **An Evaluation of the likelihood of Unfavorable Outcome.** *(Choose one.)*

   _____ PROBABLE (An unfavorable outcome is likely to occur.) *NOT A CHANCE*
   *ITS BOUGHT AND PAID FOR*

   _____ REASONABLY POSSIBLE (The chance of an unfavorable outcome is less than probable but more than remote.) *BY THE BOSSES*

   _____ REMOTE (The chance of an unfavorable outcome is slight.)

6. ✓ **An Estimate of the Amount or Range of Potential Loss.** *(For probable and reasonably possible complete one).*
   *NONE*

   Estimated amount of potential loss:          $_____
   Estimated range of potential loss:           $_____ - $_____
   Estimated amount or range of potential loss is unknown:    _____

7. **The Name and Phone Number of the Agency and DOJ Attorneys Handling the Case**
   *(Also include any outside legal counsel/other lawyers representing or advising the government in the matter.)* *IRS MICHAEL SACHARAS*
   *MARK S. KAIZEN - MARY ELLM KRECHA*
   *RODERICK FILLINGER TIGTA*

Attorney-Client Agency Work Product Privilege

EXHIBIT 19

4:06CV01399
DONNA I. ARENSDORF
FTCA - CLAIM
AND
MARY-ELLAN KRCHA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL L. BUESGENS                    7/8/2007

Plaintiff
INTERVENOR

vs.                                      Civil Action No. 4:06CV01399

MARY-ELLEN KRCHA
AND                        Defendant
JOHN W. SNOW, SECRETARY
DEPARTMENT OF THE TREASURY. ETAL

**NOTICE OF APPEAL**

Notice is hereby given this **8TH** day of **JULY**, 20**07**, that
INTERVENOR MICHAEL L. BUESGENS

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgement

of this Court entered on the **6TH** day of **JULY**, 20**07**, in favor of
U.S. ATTORNEYS AND JUNE 22 ORDER against said
DOCUMENTS 27 AND 25 AGAINST MICHAEL
L. BUESGENS MOTIONS TO INTERVENE AND
COMPEL DISCOVERY AND SANCTIONS

_____
Attorney of Pro Se Litigant
Michael L Buesgens   07 1585
JULY 8, 2007

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be
filed within 30 days after the date of entry of judgment or 60 days in the United States or officer or agency is a
party)

FILED

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**CLERK**    Please mail copies of the above Notice of Appeal to the following at the address:

1.  PAT S. GENIS, AUSA
    1:07CV000859 RBW - RELATED
    U.S. ATTORNEYS OFFICE
    P.O. BOX 227
    WASHINGTON, D.C. 20044
    2

[USCADC Form __ (Rev. May 2004)]

# United States Court of Appeals
## District of Columbia Circuit

**DOCKETING STATEMENT**

*All Cases Other than Administrative Agency Cases*
*(To be completed by appellant)*

7/8/2007

1. CASE NO. 4:06CV01399     2. DATE DOCKETED

3. CASE NAME (lead parties only) MICHAEL BUESGENS    JOHN W. SNOW

4. TYPE OF CASE: [ ] District Ct - [ ] US Civil [ ] Private Civil [ ] Criminal [ ] Bankruptcy
   [ ] Bankruptcy - if direct from Bankruptcy Court
   [ ] Original proceeding    MOTION TO INTERVENE

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?    YES _____ NO ✔

   If YES, cite statute: _____

6. CASE INFORMATION:

   a. **District Court Docket No.**    **Bankruptcy Court Docket No.**    **Tax Court Docket No.**
      Civil Action _____    Bankruptcy _____    Tax _____
      Criminal _____    Adversary _____    4:06CV01399
      Miscellaneous _____    Ancillary _____    FEDERAL TORT CLAIMS ACT.

   b. Review is sought of:    [ ] Final Order
      [ ] Interlocutory Order appealable as of right
      [ ] Interlocutory Order certified for appeal

   c. Name of Judge whose order is being appealed:
      Judge DAVID HITTNER    Magistrate Judge STEPHEN WM. SMITH

   d. Date of order(s) appealed (use date docketed): 7/6/07    6/22/07

   e. Date notice of appeal filed: _____

   f. Has any other notice of appeal been filed in this case?    YES _____ NO ✔
      If YES, give date filed: _____

   g. Are any motions currently pending in trial court?    YES ✔ NO _____ If YES, identify motion and date
      filed: MOTION TO COMPEL DISCOVERY

   h. Has a transcript of proceedings been ordered pursuant to FRAP 10(b)?    I WILL ORDER ONE
      YES _____ NO ✔ If NO, why not? _____

   i. Has this case previously been before this Court under another appeal number? YES, Appeal # _____ NO ✔

   j. Are any cases involving the same underlying order or, to counsel's knowledge, involving *substantially the same issue*,
      currently pending before the District Court, this Court, another Circuit Court, or the Supreme Court?
      YES _____ NO _____ If YES, give name of the court, case name, and docket number for each case:
      1:07CV00859 RBW AND 1:06CV01964 RBW

   k. Does this case turn on the validity or correct interpretation or application of a particular statute? CODE OF FEDERAL
      YES _____ NO _____ If YES, give popular name and citation of statute: REGULATIONS

7. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute
   resolution? YES _____ NO ✔ If so, provide the name of the program and the dates of participation.
   OPM REGULATIONS

Signature _Michael Buesgens_    Date 7/8/2007

Name of Party (Print) MICHAEL L BUESGENS INTERVENOR

Name of Counsel (Print) _____    Firm _____

Address 3112 WINDSOR RD #A322 AUSTIN, TX 78703

Phone 512-339-6005 x7958    Fax No. 512-339-6099

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the
Clerk within 10 days by letter, with copies to all other parties, specifically referring to the challenged statement. An
original and three copies of such letter should be submitted.

MICHAEL L. BUESGENS
MIKE BUESGENS @ HOTMAIL COM
PAGE 1 OF 22

USCA FORM 9
(Rev. 1/99)

State Bar of Texas

Detailed Result

Michael Lynn Salyards ✓

**Bar Card Number***: 00784898

*MICHAEL SALYARDS*
*MARY-ELLAN KRECHA IRS*

**Work Address**          4050 Alpha Rd 14th Floor
                          Dallas, TX, 75244-4203

**Work Phone Number**     (972) 308-7365

**Primary Practice Location**    DALLAS , Texas

Current Member Status
Eligible To Practice In Texas

*AND*
*BUESGENS FTCA*
*ADMINISTRATIVE*
*CLAIM*

License Information
**State Bar Card Number***:     00784898 ✓
**Texas Licensed***:            11/06/1992

Practice Information *I.R.S. -GLS*
**Firm:**              No information reported by attorney
**Firm Size:**         61 to 100
**Occupation:**        Government Lawyer
**Primary Practice Areas:** Labor-Employment
**Services Provided:**  *DALLAS, TEXAS*

*RECEIVED*
*8/22/05*
*8:01 AM*

                       Are language translation services available?       Not Specified
                       Are hearing impaired translation services available?    Not Specified
                       Are ADA accessible client services available?      Not Specified

**Assistance available in languages:**
                       No information reported by attorney

*RECEIPT*
*DENIED*

**Courts of Admittance:**
                       Federal Courts of Admittance:
                       No Federal Courts reported by attorney
                       Other Courts of Admittance:
                       No information reported by attorney
                       Other States Where authorized to practice:
                       No Other States reported by attorney

Education and Certification History *EEOC # 360-2003-8286X*
**Law Schools:**                       *MSPB # DA1221-06-0171WI*

                       Law School          Graduation Date        Degree Earned
                                           05/1992                Doctor of
                       University Of Texas                        Jurisprudence/Juris
                                                                  Doctor (J.D.)

**Texas Board of Legal Specialization Certifications:**
                       No profile data on file for Texas Board of Legal Specialization Certification

1.

*APPEAL*

2.  *NANCY* **TO** *MAYER WHITTINGTON*

3.  07/08/2007

---

**MICHAEL LEIF BUESGENS**
3112 WINDSOR RD. # A322
AUSTIN, TX 78703-2350

**Schwab**_One_  1200

3-5/310
150

DATE

PAY TO THE
ORDER OF  *U.S. COURT OF APPEALS - D.C.*  $ *455.00*

*Four Hundred fiftyfive 00/100*  DOLLARS

Charles Schwab
PNC BANK, N.A.
Philadelphia, PA

FOR *APPEALS*
*4:06CV01399*  *Michael Buesgens*

⑈031000053⑈  7003451865⑈  2 1200

---

4.  4:06CV01399

5.  U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

6.  DONNA I. ARRENSDORF
FORMER **IRS** EMPLOYEE

7.  FEDERAL TORT CLAIMS ACT

8.  MARY-ELLEN KRCHA

7/8/2007
4:06CV01399
APPEAL

U.S. COURT OF APPEALS
DISTRICT OF COLUMBIA
DOCKETING STATEMENT

U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
NOTICE OF APPEAL

NANCY MAYER WHITTINGTON
NANCY DUNN
LINDA JONES

```
***** WELCOME TO *****
       AUSTIN GMF
    8225 CROSS PARK DR
   AUSTIN, TX 78710-9785
     07/08/07 03:03PM

Transaction Number          19
USPS #             480402-9550

Priority Mail service      13.55
Destination:       20001
Weight:            4 lb. 3.10 oz.
Total Cost:        13.55
Base Rate:         12.90
Label #:
0483 5970 0210 0205 6693
       SERVICES
Delivery Confirmation™       .85

Subtotal                   13.55
Total Charged              13.55

MasterCard                 13.55

     <23-902480433-99>
MasterCard
ACCT. NUMBER        TRANS #    AUTH
XXXX XXXX XXXX 3227   679     099947

To check on the delivery status of
your Delivery Confirmation™ article,
visit our Track & Confirm website at
www.usps.com, use this Automated
Postal Center (or any Automated
Postal Center at other Postal
locations) or call 1-800-222-1811.

          Thanks.
   It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

**********************************
*   Your opinion matters to us.  *
*         Please visit           *
*                                *
*     http://gx.gallup.com/apc   *
**********************************
```