UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL BUESGENS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1585 (RBW) |
| MARY-ELLAN KRCHA, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

On September 6, 2007, the plaintiff proceeding pro se filed this action against defendant Mary-Ellan Krcha. This action was filed by the plaintiff without leave of Court despite the issuance of an order on June 20, 2007, by the United States District Court for the Western District of Texas, barring the plaintiff from filing any future civil actions in any federal court in the United States without first seeking leave of Court. See Buesgens v. Travis County,Texas, No. A-07-CA-427-SS (WD Tex. June 26, 2007). The United States District Court for the Western District of Texas barred the plaintiff from filing any future civil actions without first seeking leave of Court because of his prior abuse of the litigation process. As a result of the plaintiff's failure to seek leave of this or any other Court before filing his Complaint in the instant action, it is hereby this 18th day of October, 2007

**ORDERED** that the instant action is Dismissed without prejudice. It is further

**ORDERED** that the plaintiff shall seek leave of court before refiling this or any future civil actions in a federal court. It is further

**ORDERED** that all future notices, motions, and other pleadings filed by the plaintiff must conform to the applicable provisions of the Federal Rules of Civil Procedures and the Local Civil Rules.[1]

**SO ORDERED**.

/s/_____
REGGIE B. WALTON
United States District Judge

---

[1] The Court further notes that the pro se plaintiff's filing consists of a nearly illegible handwritten submission, with the legal and factual basis being effectively impossible to discern. Local Civil Rule 5.1 specifically states that all papers submitted to the Court "shall be typed (double spaced) or reproduced by any duplicating or copying process that produces a clear black image on opaque white paper." LCvR 5.1(f) (emphasis added). In addition, Federal Rule of Civil Procedure 8(e) mandates that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e), a requirement that applies equally to "all motions and other papers provided for by the[] [R]ules," Fed. R. Civ. P. 7(b)(2). Although the papers filed by pro se litigants should be held "to less stringent standards than formal pleadings drafted by lawyers," Sparrow v. United Airlines, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)) (internal quotation marks omitted), this does not, and cannot, exempt such litigants from basic requirements of clarity and comprehensibility required of parties represented by counsel. See, e.g., Scibelli v. Lebanon County, 219 Fed. Appx. 221, at **1 (3rd Cir. Mar. 7, 2007) (affirming a district court's dismissal of a pro se complaint that "was exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotation marks and citation omitted).